### SAMUEL M. BOARDMAN *vs.* STEPHEN CUTTER.

Middlesex.    Jan. 13. — Feb. 27, 1880.    COLT & LORD, JJ., absent.

A contract for the sale of shares of stock in a corporation is a contract for the sale of " goods, wares, or merchandise," within the statute of frauds, Gen. Sts. c. 105, § 5; and the fact that the plaintiff, in an action for the refusal to take the shares in pursuance of an oral agreement to that effect, has been induced to become a stockholder by the defendant's promise that he would buy the stock of the plaintiff when he wished to sell, is immaterial.

CONTRACT for breach of an agreement to purchase shares of stock in a corporation. Answer: 1. A general denial. 2. The statute of frauds. Trial in the Superior Court, without a jury, before *Putnam,* J., who found the following facts:

The plaintiff was in the employ of a firm in Lowell, consisting of the defendant and one Walker, who, in 1875, being desirous of forming a corporation, applied to the plaintiff to take ten shares of the stock of said corporation. The plaintiff at first declined to take any stock, whereupon the defendant said to him, " You run no risk in taking it; you take the stock, and any time you want your money, I will take your stock, and pay you par for it, barring interest." The plaintiff replied, " That is all right. I will take the stock on that understanding." This conversation was in February 1875, and was not reduced to writing. Two or three weeks afterwards, the plaintiff, the defendant, Walker and one Greenleaf signed the agreement necessary to form the corporation, and proper steps were taken thereon, and the corporation was duly organized on May 5, 1875.

Shares of the capital stock to the extent of 400, of the par value of $100 each, were issued as follows: 201 shares to the defendant, 179 shares to Walker, 10 shares to Greenleaf, and 10 shares to the plaintiff, the certificates being dated on May 5. The whole capital of the corporation consisted of the machinery, stock in trade, real estate and accounts, which had been the property of the firm, who conveyed the same to the corporation, and which were valued at $40,000. At the time the agreement declared on was made, the firm owed the plaintiff for services the sum of $1000, which debt, by the understanding of all parties, was turned in in payment for his ten shares at the time when he received his certificate for the same, the debt being thereby extinguished. In September 1878, the plaintiff, having kept his stock until that time, told the defendant that he wanted him to take the stock and pay therefor according to his agreement, and offered him the stock, but the defendant declined to take it.

The defendant contended, and asked the judge to rule, that the agreement declared on and proved was without consideration, and was contrary to and in violation of the Gen. Sts. *c.* 105, §§ 5, 6, and illegal and void, because the agreement was not in writing, and there was no other compliance with the provisions of the statute, and because the stock was not in existence at the time of the agreement. But the judge declined so to rule; ruled that the agreement was valid in law; and found as a fact, that the signing of the agreement to form the corporation, and the

taking the ten shares of stock by the plaintiff, was by reason of the agreement made between the plaintiff and the defendant in the above conversation; that the agreement had not been complied with by the defendant, and that the plaintiff was entitled to recover the par value of the ten shares, whatever was the market value thereof, with interest from the time of the demand. The defendant alleged exceptions.

*D. S. Richardson & G. F. Richardson*, (*J. C. Abbott* with them,) for the defendant.

*F. T. Benner*, for the plaintiff.

AMES, J. The defendant's promise was in substance a contract, in a certain contingency, to purchase the stock of the plaintiff. The company was about to be formed and organized as a corporation, and the defendant was desirous, in order to complete the organization, to prevail upon the plaintiff to be one of the stockholders, to the extent of one thousand dollars. Among the inducements to the plaintiff to subscribe to that extent was the assurance of the defendant that he would purchase the shares at cost, less the interest, at any time that the plaintiff should be desirous to sell them. The plaintiff accordingly subscribed and paid for the shares, and they stood in his name as one of the stockholders for somewhat more than three years. At the end of that time, the plaintiff offered to transfer the stock to the defendant, and demanded of him the fulfilment of his promise.

It has been decided by this court that shares in a corporation are " goods, wares, or merchandise," within the statute of frauds. *Tisdale* v. *Harris*, 20 Pick. 9. *Baldwin* v. *Williams*, 3 Met. 365. There is some conflict in the decisions of other courts upon this point, (see *Somerby* v. *Buntin*, 118 Mass. 279,) but we do not feel called upon to overrule the two decisions above cited. As the defendant's contract in this case was not in writing, we see no ground upon which any action can be maintained upon it, without violating the statute of frauds. Gen. Sts. *c*. 105, § 5. The fact that the plaintiff was induced to become one of the stockholders by the defendant's promise that he would at some future time buy the stock of the plaintiff at a specific price, does not change the essential character of the transaction.

*Exceptions sustained.*