HAMILTON A. HILL & others *vs.* GEORGE G. McLAUGHLIN.

Suffolk. January 20, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Replevin — Memorandum of Sale — Single Contract and one and indivisible Promise — Appropriation of Payments.*

In the case of payments made upon a contract of conditional sale, there was no appropriation by either of the parties, and nothing which required or justified an appropriation by the court to any one of the articles more than to all of the others. The articles were all bought at one time under a single contract, and the promise to pay for them was one and indivisible. The question was whether the payments should be appropriated to the articles which appeared first in the paper, or to all of them. *Held,* that the payments were made on the contract, and were applicable to the sum due upon it, and not to any part of that sum, nor with any reference to the way in which the aggregate was made up.

REPLEVIN of certain articles of machinery sold by the plaintiffs to the defendant, upon a contract which recited that the defendant had received of the plaintiffs the articles, a list of which was annexed, and that, if the price set against them was paid as per memorandum in the margin, they were to belong to the defendant, otherwise to remain the property of the plaintiffs. At the trial in the Superior Court, before *Thompson*, J., there was evidence tending to show that the defendant had returned to the plaintiffs two items upon the contract, so that there remained in the defendant's possession at the time of the taking under the writ, one Fifield lathe, opposite which was set the

price of $475, and one Prentice drill, opposite which was set the price of $468. The defendant offered uncontradicted evidence tending to show that money, and merchandise accepted as money, had been paid to the plaintiffs upon the contract before the date of the writ, and before the time of the seizure, sufficient to cover the sum of $475, and whatever costs and interest there may have been upon the same, which $475 was the price of the Fifield lathe. There was no evidence tending to show that any application of the moneys paid by the defendant to the plaintiffs had been made by either party.

The defendant asked the judge to rule, that, in case sufficient money was paid under the contract by the defendant to the plaintiffs before the bringing of the writ to pay for the first article in the contract, then the money under and by virtue of the terms of the contract should be applied to the payment of such article, and that at the time of the completion of the payment of a sufficient sum of money to them for the payment of the article, that that article then, under the terms of the contract, became the property of the defendant; and that the plaintiffs had no right thereto, and that the same was unlawfully replevied. The judge refused so to rule, and rendered judgment for the plaintiffs; and the defendant alleged exceptions.

*H. L. Baker*, for the defendant.

*C. H. Sprague*, for the plaintiffs.

KNOWLTON, J. The parties agree that the plaintiffs can maintain their action unless the Fifield lathe was paid for by the defendant. This lathe was delivered to the defendant at the same time and under the same contract as several other articles of personal property. The contract was in writing, and was in substance a conditional sale, which provided that the title should remain in the plaintiffs until the goods were paid for, and that the plaintiffs might enter and remove the property if payment was not made in accordance with the agreement. The names of the different articles were written one after another in the contract, with the price of each set against it in the margin, and the several prices added together, and the aggregate written at the bottom. Payments have been made amounting to more than the price of the Fifield lathe, and of the other articles which stood before it in the contract, but not to so much as the

sum to be paid for the whole. No appropriation of these payments has been made by either of the parties. The question is whether they shall be appropriated to the articles which appear first in the paper, or to all of them.

In the absence of any appropriation by either of the parties, there is nothing in the case which requires or justifies an appropriation by the court to any one of the articles more than to all of the others. They were all bought at one time under a single contract. The promise to pay for them was one and indivisible. The payments were made on that contract, and were applicable to the sum due upon it, and not to any part of that sum, nor with any reference to the way in which the aggregate was made up. *Crompton* v. *Pratt*, 105 Mass. 255. *Swett* v. *Boyce*, 134 Mass 381. The ruling requested was rightly refused.

*Exceptions overruled.*