### CHAMBERLAIN v. JONES.

(Supreme Court, Appellate Division, Second Department. July 7, 1898.)

STATUTE OF FRAUDS—INDEPENDENT CONTRACT.

    If one buys bonds from a corporation in reliance upon the mere oral agreement of a third party that he will buy them from the purchaser if the latter should wish to sell them, this latter agreement is distinct and independent of the purchase from the corporation, and is accordingly invalid under the statute of frauds.

Appeal from trial term, Kings county.

Action by Jennie H. Chamberlain against Louis B. Jones. From a judgment dismissing plaintiff's complaint on the merits, she appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Jesse M. Johnson, for appellant.
Edward M. Grout, for respondent.

HATCH, J.    By this action is sought to be recovered the purchase price of two bonds of the Atlantic-Pacific Railway Tunnel Company, which plaintiff claims to have purchased of such company in reliance on an oral agreement upon the part of the defendant that he would repurchase the same in the event plaintiff requested him so to do. The answer inter alia pleads that the contract of purchase, not being in writing and subscribed by the defendant, is void by the statute of frauds.    The whole of the material evidence upon which plaintiff relies to make out her cause of action is found in the testimony of the plaintiff and her witness Becker.    The plaintiff testified:

"I met Mr. Jones at Mr. Becker's house. * * * Mr. Jones explained this matter to us in regard to the tunnel. He told me that it was a very good investment, and in no possible way could we lose our money. * * * I told him that we had already lost a great deal of money, and I could not afford to lose this, and we would invest in these bonds if he would take them. He said that he would buy them back any time that we wished to dispose of them; he would buy the bonds."

After this conversation the plaintiff bought the bonds of the tunnel company, in reliance upon the defendant's promise to repurchase them should she so desire.    Mr. Becker testified:

"They talked about buying these bonds, and Mr. Jones advised her that it was a good thing, and finally told her that, if they wanted to buy these bonds, he would take them from them any time they wanted to dispose of them."

All that is possible to spell out of this testimony is that the defendant recommended the plaintiff to purchase these bonds as a good investment, and, if at any time they wished to dispose of them, he would purchase.    It is therefore evident that the contract upon the defendant's part was a simple contract to purchase the bonds when the plaintiff wished to sell.    There is not in the testimony a single word which adds to the defendant's legal undertaking beyond this. He did not stipulate even that he would repay the plaintiff upon such purchase the amount which she paid for the property, although the plaintiff doubtless understood that he would, and a jury possibly might so infer if such contract created a legal liability.    The two transactions were entirely distinct and independent.    The defendant had nothing to do with the purchase of the bonds.    The plaintiff did that, by direct negotiation with the tunnel company.    The defendant's contract was entirely independent of that transaction, and constituted a separate and distinct undertaking.    The case comes therefore squarely within the decision in Hagar v. King, 38 Barb. 200, which held such a contract unenforceable, as being within the terms of the statute.    Boardman v. Cutter, 128 Mass. 388.    The cases relied upon by the plaintiff to support a recovery are all cases where the contract to repurchase or guaranty of payment was a part of the contract of sale, in that one accompanied the other as an integral part.    Such are the cases of Wooster v. Sage, 67 N. Y. 67; Fitzpatrick v. Woodruff, 96 N. Y. 561; Allen v. Eighmie, 14 Hun, 559.    In the last case, much relied upon by the plaintiff, the defendant took to

the plaintiff three bonds, and requested her to purchase those bonds, at the same time agreeing that, if she would purchase, he would guaranty her against loss; and the court properly applied the doctrine that the guaranty was a part of the contract of sale, and so was without the statute. The distinction is recognized in Johnston v. Trask, 116 N. Y. 136, 22 N. E. 377, where the court reviews Hagar v. King, supra, pointing out the distinguishing features and the difference in principle. Whatever may be the just desire to take a different view of this case upon its facts, we cannot escape the rule of law which requires us to affirm this judgment.

The judgment should be affirmed.

The judgment affirmed, with costs. All concur.