SARAH J. FRENCH, EXECUTRIX, AND THEODORE F. FRENCH ET AL., EXECUTORS, v. WILLIAM H. SCHOONMAKER.

Argued November 12, 1902—Decided February 24, 1903.

A parol contract, whereby the defendant bargained for and agreed to purchase from plaintiffs' testator a claim against a third party on the consideration that said testator would put the claim in judgment and make an assignment of the judgment to the defendant, is invalid, under the sixth section of the statute of frauds (*Gen. Stat., p.* 1603), which declares that a contract for the sale of goods, wares and merchandise for the price of $30 and upwards shall be void unless in writing.

On demurrer to declaration.

This action is brought to recover damages for the breach of a contract, which is thus set out in the plaintiffs' declaration: "The defendant bargained for and agreed to purchase from Phineas M. French [plaintiffs' testator], in his lifetime, a certain claim of the said Phineas M. French against the Plainfield Poultry Farm Company, amounting to the sum of

$845.11, with interest thereon from the 23d day of September, 1899, and to pay to the said Phineas M. French the amount of the said claim, on the consideration that he, the said Phineas M. French, would put the claim in judgment and make an assignment of the said judgment, when obtained, to him, the said defendant; and the said Phineas M. French, at the special instance and request of the said defendant, then and there agreed to sell to the said defendant the said claim, for the amount of the said claim, and to put the said claim in judgment, and to make an assignment of the said judgment, when obtained, to him, the said defendant."

It is expressly alleged in the declaration that the entire agreement sued upon was by parol, and not in writing.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiffs, *Winfield S. Angleman.*

For the defendant, *Craig A. Marsh.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The contract sued upon is for the purchase and sale of a chose in action, a debt due from the Plainfield Poultry Farm Company to the plaintiffs' testator; and the ground upon which the demurrer is rested is that such an agreement is invalid, under the sixth section of the statute of frauds, which declares that a contract for the sale of goods, wares and merchandise for the price of $30 and upwards shall be void unless in writing.

The question whether an agreement to assign a debt due to the assignor, whether it be a simple contract debt or a debt of record, is a contract for the sale of goods, wares and merchandise, within the meaning of the statute, was set at rest in this state by the decision of the Court of Errors and Appeals in the case of *Greenwood* v. *Law*, 26 *Vroom* 168. In that case an agreement to sell and assign a bond and mortgage was held to be such a contract; and the ground of that

decision is thus stated in the opinion: "The words 'goods, wares and merchandise,' in the sixth section of the statute, are equivalent to the term 'personal property,' and are intended to include whatever is not embraced by the words 'lands, tenements and hereditaments' in the preceding section."

The fact that, by the terms of the agreement, this chose in action, which was a simple contract debt when the agreement was made, was to be transformed into a debt of record before being assigned, does not change the transaction from a sale to a contract for the furnishing of work, labor and materials by plaintiffs' testator to the defendant. The thing contracted for—the debt due from the Plainfield Poultry Farm Company to plaintiffs' testator—was in existence when the contract was made. Assuming that this debt was "materials," and that the putting of it into judgment by the deceased was "work and labor" done on it by him, this work and labor was done by him upon his own property, for his own benefit, in order to make it salable. It did not transform the debt into a different entity; it merely made an alteration in its form. The thing to be assigned remained after judgment what it was before, viz., a debt due from the poultry company to the deceased. The mere alteration of the form in which the debt existed did not operate to make the contract an agreement for work, labor and materials. *Pawelski* v. *Hargreaves,* 18 *Vroom* 334, 336. And the very wording of the contract shows that the parties to it understood and intended that it was for the purchase and sale of a chose in action, and not one for work and labor to be done and performed and materials to be furnished by the plaintiffs' testator for the defendant. By that contract the defendant, on his part, "bargained for and agreed to purchase from the said Phineas M. French a certain claim of the said Phineas M. French against the Plainfield Poultry Farm Company," and the said Phineas M. French, on his part, "at the special instance and request of the said defendant, agreed to sell to the said defendant the said claim."

The contract sued upon being within the prohibition of the statute, the demurrant is entitled to judgment.