MARKS BERWIN *vs.* M. SHEPARD BOLLES & another.

Suffolk. December 2, 1902. — May 22, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Frauds, Statute of,* Part payment. *Words,* " Goods, wares and merchandise."

Where a purchase of stock made by a broker for a customer, of which there is no memorandum in writing, is included properly by the broker in the customer's general account, and payments are made by the customer generally on account, applicable to this stock as well as to other stocks purchased for the customer by the broker, in an action by the customer against the broker, the transaction is taken out of the statute of frauds by the part payments and the purchase of the stock can be proved by the defendant.

Whether a purchase and sale of stock of a company in process of reorganization, represented by reorganization receipts, is a sale of goods, wares and merchandise within the meaning of the statute of frauds, *quære.*

BILL IN EQUITY, filed January 22, 1902, against a firm of stockbrokers to compel the delivery of certain shares of stock to the plaintiff as stated by the court.

In the Superior Court the case was heard by *Braley,* J., who made a decree dismissing the bill with costs. The plaintiff appealed.

*A. S. Hayes,* for the plaintiff.

*H. E. Bolles & O. O. Partridge,* for the defendants.

MORTON, J. This is a bill to restrain the defendants from selling certain shares of stock alleged to have been purchased and to be held for the plaintiff by the defendants on which the plaintiff avers that he has made partial payments, and to compel the defendants to deliver the shares to him upon payment of the balance alleged to be due. The defendants contend that certain other shares, namely, shares of the American Gold Dredging Company, should be included in the plaintiff's account, and that the plaintiff is indebted to them on account of those shares as well as on account of the shares named in this bill, and is not entitled to a delivery of the shares named in the bill except upon payment of the whole amount due upon all of the stock. The plaintiff contends that the purchase of those shares had nothing to do with the other transactions, and that they should not be included in the account of those transactions and that the transaction as to the purchase and sale of that stock comes within the statute of frauds. The case was sent to a master who found and reported in favor of the defendants, and, upon the coming in of his report, a decree was entered for the defendants dismissing the bill with costs. The plaintiff appealed. We think that the decree was right.

No memorandum in writing was signed by the plaintiff in regard to the Gold Dredging Company stock or in regard to any of the stocks, and he did not receive a certificate of it or of any of it. Unless therefore he paid something on account of it the transaction would come within the statute of frauds. The master found that the stock was rightly included by the defendants in the plaintiff's general account and that the payments made

by the plaintiff were made generally on account and were applicable to this stock as well as to the other stocks. This takes the transaction out of the statute of frauds, and renders inapplicable the doctrine in regard to the appropriation of payments invoked by the plaintiff. See *Taylor* v. *Foster*, 132 Mass. 30; *Day* v. *Mayo*, 154 Mass. 472; *Hill* v. *McLaughlin*, 158 Mass. 307. . The master further found that at the time of the sale and purchase of the Gold Dredging Company's stock the company was in the process of reorganization and the stock referred to was stock in the reorganized corporation as yet unissued and represented by reorganization receipts in the possession of the defendants and that this was known to the plaintiff. It is doubtful whether such a sale would be a sale of "goods, wares and merchandise" within the statute. See *Meehan* v. *Sharp*, 151 Mass. 564. But it is not necessary to consider that question now.

*Decree affirmed.*