## STIFFT *v.* STIEWEL.

Opinion delivered June 14, 1909.

STATUTE OF FRAUDS—SALE OF CORPORATE STOCK.—A contract for the sale of corporate stock for the amount of $30 or more is within the terms of Kirby's Digest, § 3656.

Appeal from Pulaski Circuit Court, Second Division; *Edward W. Winfield,* Judge; reversed in part.

Abe Stiewel brought suit against Charles S. Stifft, alleging that defendant was indebted to him in the sum of $4,300 and interest in payment of certain stock in the Bank of Little Rock alleged to have been purchased by plaintiff for defendant in September, 1902, and also that defendant owed $2,422 to the above-named bank upon an account, which had been assigned to plaintiff.

Defendant denied any indebtedness to plaintiff, and pleaded the statute of frauds.

There was a verdict for plaintiff in the sum of $8,368.03. Defendant has appealed.

*Rose, Hemingway, Cantrell & Loughborough,* and *J. W. & M. House,* for appellant.

1. The original complaint and all amendments thereto were abandoned when the substituted complaint was filed. 88 Ind.

274; 4 S. W. 511; 16 N. Y. Super. Ct. (3 Bosw.) 200; 1 S. W. 109. It is complete within itself, and does not refer to or adopt the original pleading as a part of it. 7 W. Va. 54; 35 Miss. 559; 9 Ia. 181; 71 Ind. 296; 8 Nev. 57; 77 Ia. 676; 97 Cal. 507; 77 N. W. 772. When an amended or substituted complaint is filed, the original and amendments thereto cannot be used as evidence against the plaintiff, except to contradict or impeach his testimony. 37 Cal. 154; 71 Cal. 126; 51 Cal. 222. It follows that the cause of action alleged in the substituted complaint is barred by the statute of limitations. While the statute is liberal on the subject of amendments, yet when an amendment sets up a different cause of action, and sets up new matters requiring different proof, it does not relate back to the date of filing the original complaint, but is subject to the plea of limitations from the date of its own filing. 12 S. W. 995; 28 S. W. 1017; 41 Fed. 744; 37 S. W. 17; 44 S. W. 556; 41 Am. St. Rep. 302; 139 Ala. 586; 69 Ala. 183; 37 Ala. 173; 46 Kan. 150; 27 Ore. 140; 51 S. W. 844; 60 Kan. 691; 45 Pa. 404; 81 Ala. 230; 107 Ia. 665; 158 U. S. 285. An action to enforce a common law liability cannot be amended so as to make a statutory liability and thereby defeat the statute of limitations, even though the facts or transactions upon which the complaint is based are the same. 231 Ill. 622; 4 Ill. App. 238; 165 Ill. 185; 35 Mich. 227; 56 Kan. 731; 59 Pac. 662; 113 Ga. 15; 59 N. W. 662; 108 Fed. 116. Both the statute of limitations and the statute of frauds were pleaded in the answer to the original complaint and amendment thereto. Each was a complete bar to the action. No amendment could be subsequently made stating a cause of action without being subject to both pleas. 90 Pac. 254; 191 Ill. 94; 98 Ill. App. 108; 210 Ill. 115; 193 Ill. 504; 80 Ill. App. 18; 69 Pac. 189; 1 Mackey (D. C.) 428; 64 Ark. 348; 59 Ark. 446; 70 Ark. 319; 75 Ark. 465. A new cause of action is stated if (1) the evidence required to sustain the original complaint will not support the amended or substituted complaint; or (2) if the allegations of the original and subsequent complaints are not subject to the same defenses. 105 S. W. 46, 48; 45 S. W. 283; 78 S. W. 826; 61 S. W. 708; 26 Ore. 452; 136 Ind. 418; 81 Pac. 1123. A parol contract for the sale of bank stock is within the statute of frauds. 47 Cal. 142; 15 Conn. 400; 60 Me. 430; 5

Am. Dec. 417; 37 Mass. 9; 128 Mass. 388; 29 Mo. App. 206; 54 S. E. 939; 127 Fed. 482; 53 N. E. 502; Smith on Law of Frauds, § 373 and note. If this plea was a bar to the original complaint, and not to the substituted complaint, they were not subject to the same defenses, and the latter stated a new cause of action.

2. As to the plea of limitations the bar had attached before the original complaint was filed. When thus barred, it requires a written promise recognizing the debt and promising to pay it, in order to extend it. A mere oral promise to extend the time is not sufficient. 86 Mo. 643; 32 Me. 169; 23 Me. 453; 58 Mass. 532; 17 Cal. 344; 1 Ida. 533; 37 Pac. 1103. If Stiewel purchased as agent, his right to sue began from the date of the purchase, and the statute runs from that date. 23 Me. 560; 121 N. C. 269; 19 Ark. 690; 20 Ark. 293; 83 Ark. 278 and authorities cited at p. 281; 9 Am. St. Rep. 477; 58 *Id.* 315; 34 *Id.* 717; 33 Ark. 651; 11 Ark. 29. The alleged verbal consent, if given by Stifft, was without consideration and void. 18 Am. Dec. 36; *Id.* 79; 51 Cal. 223; 47 Ill. 88; 103 Mass. 560; 52 N. C. 497; 76 N. C. 340; 86 N. C. 517; 5 Serg. & R. 358; 25 Am. Dec. 79; 44 Mass. 155; 3 Mont. 527; 23 Am. Rep. 99; 21 Ark. 18; 52 Ark. 174; 54 Ark 185; 66 Ark. 550; *Id.* 26; 55 Ark. 369; 33 Ark. 215; 56 Ark. 461. In order to take the contract for the sale of the stock out of the operation of the statute of frauds, there must have been some act of a character to place the stock unequivocally within the exclusive power of Stifft as absolute owner, discharged of all liens or claims for the price thereof. If there was any condition precedent to his acquiring title and possession, or if anything remained to be done by Stiewel to perfect delivery to Stifft, there was no sale under the statute, and the alleged verbal sale was void. 129 Mass. 420; 120 Mass. 290; 123 Mass. 141; 96 Am. St. Rep. 211; 47 N. Y. 449; 37 Me. 181; 22 Mo. 354; 43 N. E. 575; 64 Pac. 342; 54 N. E. 461; 56 Pac. 451; 81 Ark. 127. See also 1 N. Y. 126; 3 Johns. (N. Y.) 421; 76 Ark. 237; 54 Am. Rep. 879; 64 Barb. (N. Y.) 394; 15 Vt. 685; 10 Johns. (N. Y.) 364; 37 Me. 181.

*Moore, Smith & Moore,* for appellee.

1. The original and substituted complaints declared upon the same causes of action, the effect of the substituted complaint

being merely to amplify the allegations of the original complaint, and not to state different causes of action. Unless an amendment sets up a new cause of action, it will be treated as relating back to the commencement of the suit. 139 Ala. 586; 193 Ill. 594; 131 Fed. 680.

2. Purchase of stock made in pursuance of a parol agreement by an agent for his principal, or by one for the joint benefit of himself and others, is not within the statute of frauds. 41 Barb. (N. Y.) 162; Mechem on Agency § 457; 9 L. R. A. 465.

3. The action was not barred by the statute of limitations. Stiewel's right to sue for Stifft's interest in the stock did not accrue until he, Stiewel, as agent in the purchase, was required to pay the loans which were made for the purpose of paying for the stock. When he withdrew the stock as collateral, or when it became valueless, and the bank required him to give other collateral, then the renewal of the notes with other collateral made the obligation his own, and his right arose to demand that Stifft contribute in collateral or pay his proportion. From that time the statute commenced to run. Cases cited by appellant are not in point in the application he seeks to makes of them. Notably inapplicable are 23 Me. 560; 121 N. C. 269; 19 Ark. 690; 20 Ark. 293; 58 Am. St. Rep. 315; 9 Am. St. Rep. 477; 103 Mass. 560; 52 Ark. 174; 54 Ark. 185; 66 Ark. 26; Id. 550; 55 Ark. 369; 33 Ark. 215; 81 Ark. 127.

WOOD, J. First. Neither the original, nor what is designated as the "amended and substituted complaint." states a cause of action based on a contract of agency between appellant and appellee.

Treating this "amended and substituted" complaint as an amplification of the original, the first and second paragraphs thereof allege facts which show that between the 10th and 15th of September, 1902, appellee purchased stock of the Bank of Little Rock for which he paid $10,750.00; that on the 25th of September 1902, appellee, at the price he paid; *"verbally"* sold to appellant forty per cent. of the stock, amounting to $4,300, which sum remains unpaid. The appellee alleges in the first part of the first paragraph of his amended and substituted complaint: "that some time prior to the summer of 1902 he had,

under verbal arrangement with George W. Caruth and the defendant, Chas. S. Stifft, made some two or three years previous, purchased from various parties for the joint benefit of himself, the said George W. Caruth and the defendant all of the outstanding capital stock of the Bank of Little Rock that could be secured at a satisfactory price, which stock was from time to time divided among said parties in the proportion of one-third to each." But there is no allegation that the stock bought by appellee, in September, 1902, was purchased under the "arrangement" above mentioned. On the contrary, the allegation "that Geo. W. Caruth, one of the parties, had notified plaintiff and defendant that he did not care to participate further in the purchases" shows that the former arrangement for a joint purchase by the three had come to an end, and that any purchase of stock made by appellee thereafter could not have been under that "arrangement."

The second paragraph of the "amended and substituted complaint" shows that on September 25, 1902, appellant was contending that he was entitled to a half interest in the stock purchased by appellee after Caruth had withdrawn, and that appellee was contending that appellant was only entitled to one-third thereof under the arrangement that had formerly existed between the three; that appellee "yielded to the importunity of defendant [appellant], and consented *verbally* that his percentage of said stock should be increased from 33 1-3 to 40 per cent." Now, there is no allegation, either in the original or the "amended and substituted complaint, that appellee purchased the stock of T. K. May and of Fones and Barrieras, as the agent of appellant. There are no allegations that the purchase was made in pursuance of a contract whereby appellee was to make the purchase as the agent or partner of appellant. There are allegations to the effect that, after the purchase of the stock had been made and appellant had learned thereof, he *insisted* that he was entitled to a half interest in the purchase, and that appellee could not purchase the stock for his own benefit to the exclusion of appellant; and that appellee contended that appellant was not entitled to a half interest, and that appellee did not hold for appellant's benefit more than the one-third that he was entitled to under the arrangement existing between appellee, appellant and Geo. W. Caruth.

But these allegations of what were the contentions and differences of the respective parties as to the proportion in which the stock that had been purchased should be divided fell far short of alleging any definite contract of agency by which appellee was to purchase and had purchased stock for himself and appellant. But, even if it could be inferred from these uncertain allegations that appellee had purchased stock as an agent of appellant, the same allegations and those following show that in the disposition of the stock purchased by appellee he and appellant dealt with each other not as principal and agent but as strangers. Appellee asserted dominion of the stock purchased, and let appellant have the shares, not because he was bound, but because he chose so to do.

After setting forth their respective contentions as above, the allegation is that appellee (plaintiff) "yielded to the importunity of defendant, and consented verbally that his percentage of said stock should be increased from 33 1-3 to 40 per cent." Following this is the allegation that: "Plaintiff had, at the time of the purchase of said stock, arranged with the Mississippi Valley Trust Company of St. Louis to advance *him* the purchase price of said stock upon *his personal note,* with the stock pledged as collateral, at six per cent. interest, and plaintiff informed defendant at the conference of said arrangement, which was satisfactory to the defendant, it being agreed that defendant would not be called upon to pay for his proportion of the stock purchased until the plaintiff was required to take up said notes."

Principal and agent can not deal with each other in the manner indicated by the above allegations. Such allegations can not be molded in the mold of a declaration upon a contract of agency, but are consistent only with a declaration for cause of action based on a sale. So we conclude that the first and second paragraphs of appellee's pleadings state facts which constitute nothing more nor less than a verbal sale of stock made by appellee to appellant on the 25th day of September, 1902.

It is well established that a parol contract for the sale of corporate stock (other conditions existing) is within the statute of frauds. *Mayer* v. *Child,* 47 Cal. 142; *North* v. *Forrest,* 15 Conn. 400; *Pray* v. *Mitchell,* 60 Me. 430; *Colvin* v. *Williams,* 5 Am. Dec. 417; *Tisdale* v. *Harris,* 37 Mass. (20 Pick.) 9; *Board-*

*man* v. *Cutter,* 128 Mass. 388; *Fine* v. *Hornsby,* 2 Mo. App. 61; *Bernhardt* v. *Walls,* 29 Mo. App. 206; *Hightower* v. *Ansley,* 54 S. E. 939; *Cooper* v. *Bay State Gas Co.,* 127 Fed. 482; *Tompkins* v. *Sheehan,* 53 N. E. 502; Smith on Law of Frauds § 373 and note.

The statute was properly pleaded in defense, and the proof brought appellee's claim, as set up in the first and second paragraphs of his original and substituted complaint, within the operation of its terms. Sec. 3656, Kirby's Digest.

So much for appellee's pleadings. The uncontroverted evidence shows that appellee purchased the stock of May and Fones, not for himself and appellant, but for himself alone. He bought it in sharp competition with appellant and one Heisman, and he held and disposed of it, not as the agent and representative of some one else, but as the absolute owner. This is the only legitimate conclusion from all the evidence upon the subject. It could serve no useful purpose to discuss it in detail.

Second. The third paragraph of appellees' complaint, as finally amended, stated a cause of action based upon an account of appellant with the Bank of Little Rock evidenced by a charge ticket carried by the bank as cash which became the property of appellee when he purchased the assets of the bank at the sale thereof made by the receiver under the orders of the court.

The questions as to whether or not the facts alleged in this paragraph were true were all submitted to the jury upon correct instructions, and there was evidence to sustain the verdict except as to the amount that should be recovered.

In his amended complaint appellee alleges as follows:

"Plaintiff further represents that at the time of the aforesaid conference with the defendant, on or about the 25th or 26th of September, 1902, he represented to the defendant that he could also purchase the stock of W. A. May, which amounted to the face value of about $4,250, for about the same price as that paid for the stock of T. K. May, his father, and asked the defendant whether he should purchase it. The defendant was anxious to secure the stock, and agreed verbally that if plaintiff could secure it at about the same price he would pay for it when the draft with the stock attached was presented. Plaintiff represents in that connection that he secured said stock from W.

A. May for himself and defendant, under the arrangement aforesaid, to be apportioned as aforesaid, 60 per cent. to himself and 40 per cent. to defendant, for the sum and price of $2,422."

Under these allegations appellee could not recover more than forty per cent. of the amount for which he sued, because according to his own showing sixty per cent. of the amount was his debt to the bank, or rather to appellant when he paid it. In view of the allegations made by appellee, it was wholly unnecessary for appellant to plead this as a setoff, in order to get the benefit of it. The verdict therefore on the third count, under the pleadings and proof, could not have been for more than $969, with interest thereon at the rate of six per cent. per annum from the date of the transaction, September 29, 1902, to the date of the verdict.

The judgment will be modified by reducing it to that amount, and as modified affirmed, on the cause of action stated in the third paragraph.

The court should have directed the jury to return a verdict for the defendant (appellant) on the cause of action stated in the first and second paragraphs of the complaint as "amended and substituted." For this error the judgment based upon the cause of action alleged in these paragraphs is reversed, and the cause as alleged therein is dismissed.