RUSSELL *v*. BETTS.

JOHNSON *v*. BETTS.

BLACK *v*. BETTS.

Opinion delivered April 28, 1913.

STATUTE OF FRAUDS—SALE OF STOCK.—Where defendants agree orally with plaintiffs that in consideration plaintiffs would not sell their stock in a certain corporation to one S, that in the event the corporation became insolvent the defendants would pay to plaintiffs the value of their stock and interest from the date of the contract until the date the corporation became insolvent. *Held*, the agreement was in effect a conditional sale of plaintiff's stock to the defendants. and the value of the stock being over $30 was within section 3656 of Kirby's Digest, which is the statute of frauds.

Appeal from Hempstead Circuit Court; *Jacob M. Carter*, Judge; affirmed.

STATEMENT BY THE COURT.

The plaintiff, Black, filed the complaint, alleging that on a certain day in the year 1911, plaintiff owned five shares of stock in the Hoke Metal Frame Screen Manufacturing Company, a corporation, and paid for said stock on July 20, 1910, the sum of $250.00; that defendants on said day owned stock in said corporation, and with certain of their friends, owned about 50 per cent of the stock of the said corporation. That one Smith and his friends owned about 50 per cent of the stock of the said corporation, and on said day said Smith desired to purchase the stock of plaintiff; and that defendants de-

sired to prevent the said Smith from purchasing plaintiff's stock; that on said day, said Smith proposed to purchase plaintiff's stock and offered to pay plaintiff a certain sum of money therefor; and that plaintiff was about to accept the said offer, and would have accepted said offer, but that defendants, in order to induce plaintiff not to accept said offer, and in order to further the best interests of the said corporation, in defendant's opinion, on or about said day, made and entered into an oral contract with plaintiff, whereby said defendants and each of them agreed that if the plaintiff would refuse to accept, and would not accept said offer of said Smith to purchase plaintiff's said stock, that defendants and each of them would pay plaintiff $250.00 with interest thereon from the blank day of 1911 until paid, ''if the dividends on plaintiff's stock and plaintiff's equitable interest in the assets of said corporation, when the same became insolvent, if it did become insolvent, and did not equal the sum of $250.00 and interest thereon from the blank day of 1911 until said promise and agreement on the part of the defendants and each of them, plaintiff forebore the sale of said stock and refused to accept said offer from said W. M. Smith to purchase the stock of plaintiff. That the plaintiff has in all things kept and performed all things to be by him kept and performed in said contract; and that there have been no dividends paid on said stock; and that plaintiff's interest in the assets of said corporation is of no value. That said corporation is insolvent; that said Hoke Metal Screen Manufacturing Company has been sold; and that the proceeds of said sale, together with all other assets of the said corporation are not equal to its indebtedness. That the defendants well knew that said corporation became insolvent before the filing of this suit; that said defendants and each of them are liable to this plaintiff for the sum of $1,000.00. Wherefore, plaintiff prays judgment for that sum.

There were three separate complaints filed, one by each appellant, all substantially the same, except for different amounts. Appellees demurred to the complaints

for the following reasons: First, the complaints did not state facts sufficient to constitute a cause of action; second, the complaints state that the contract or agreement sued on, is an oral contract and not in writing, and the complaints alleged and show on their faces that said contract or agreement, if any, is an agreemnt or promise to answer for the debts, defaults, and miscarriages of the said Hoke Metal Screen Manufacturing Company, and appellees plead the statute of fraud on this account in bar if this suit. The court sustained the demurrer. The appellants declining to plead further, the court dismissed the complaint, to which ruling of the court, appellants duly excepted and prayed an appeal to this court.

*Jobe & Montgomery* and *McMillan & McMillan,* for appellants.

1. The complaint states a cause of action. 10 Cyc. 577d; 2 Cook on Corp. (6 ed.) 622c; Anson on Cont. 63; Parsons on Cont. 444; 27 Ark. 407; 9 Cyc. 312-315; 151 S. W. 249; 100 Ark. 515; 151 S. W. 1001; 18 L. R. A. (N. S.) 707-711; 31 L. R. A. 557; 94 Ark. 463.

2. The contract was not against public policy. 9 Cyc. 483f; 176 U. S. 498; 95 Ark. 449; 31 L. R. A. (N. S.) 1186-1196; 61 Am. St. Rep. 770-775.

3. The promise was not collateral, and hence not within the statute of fraud. 12 Ark. 174; 45 *Id.* 67-74-75; 64 *Id.* 462, 465; 76 *Id.* 292; 22 How. 28; 141 U. S. 479.

*O. A. Graves,* for appellee.

1. Complaint states no cause of action, because, (1) The agreement is a gambling or wager contract and void. (2) It is against public policy, and (3), it is void for want of consideration. Cook on Corporations 341; 64 S. E. 894; 61 *Id.* 487; Cook on Corp. 622.

2. It is within the statute of frauds. Kirby's Dig., § 3656.

WOOD, J., (after stating the facts). This court, in *Stifft* v. *Stiewell,* 91 Ark. 445, held that a contract for the sale of corporate stock for the amount of $30 or more, is within the statute of frauds. Section 3656, of Kirby's

Digest.  The several complaints under consideration disclose a contract entered into between the several appellants and the appellees, whereby the latter, in consideration that the appellants would not sell their stock to Smith, agreed that in case the corporation became insolvent, they would pay appellants the amount of the value of their stock and interest thereon. from the date of the contract until the date upon which the corporation became insolvent.  This transaction was tantamount to the sale of the stock of the several appellants to the appellee upon condition.  The appellees, upon certain contingencies, which appellants alleged existed, agreed to pay appellants the par value of their stock with interest.  While the complaint does not allege that the stock was to be delivered upon the payment of the amounts specified, an intention upon the part of the appellants to deliver upon the payment for the stock would necessarily be implied.  Under the contract when the condition arose, upon which the payment was to be made, the presumption would be that when the payment was made that the stock would be delivered to appellees, the purchasers thereof.

We are of the opinion that the complaints state, what in law amounts to a conditional sale of the stock, and as the stock was more than $30 in value, the transaction was within section 3656 of Kirby's Digest (Statute of Frauds), the same being an oral contract.  The ruling of the court sustaining the demurrer to the complaint and its judgment dismissing the same, is therefore correct, and is affirmed.

KIRBY, J., dissenting.