## CULP ET AL. v. HOLBROOK.

[No. 10,571.   Filed December 15, 1920.   Rehearing denied February 18, 1921.   Transfer denied June 30, 1921.]

1. CORPORATIONS.—*Sale of Stock.*—*Agreement by Stockholders to Repurchase Stock.*—*Enforcement.*—Where stockholders of a corporation. agreed in writing to repurchase stock before a certain date at a specified price, if the purchaser desired to sell, the purchaser could maintain an action for breach of the agreement, though such agreement was not signed by him, but by such stockholders alone. p. 273.

2. CORPORATIONS.—*Sale of Stock.*—*Agreement by Stockholders to Repurchase Stock.*—*Consideration.*—Where stockholders of a corporation agreed in writing to repurchase plaintiff's stock at a certain price at his option such stockholder's interest in having plaintiff purchase stock was a sufficient consideration to support the agreement and it was enforceable, even though it was a unilateral contract. p. 273.

3. CONTRACTS.—*Validity.*—*Consideration.*—*Want of Mutuality.*— An agreement founded on a consideration is not invalid for want of mutuality because one party has an option and the other has not, or because it is obligatory on one and optional with the other. p. 274.

4. CONTRACTS.—*Defenses.*—*Want of Mutuality.*—Want of mutuality in a contract cannot be set up as a defense by the party who has received the benefit simply because it was optional with the other party whether he would enforce his right under the contract. p. 274.

5. CORPORATIONS.— *Sale of Stock.*— *Stockholders Agreement to Repurchase Stock.*—*Acceptance.*—Where defendant stockholders, in order to induce plaintiff to purchase shares of stock of a corporation agreed in writing to repurchase plaintiff's stock at a certain price at his option, purchase of stock by plaintiff in reliance upon defendant's agreement showed an acceptance of the agreement, such agreement not being signed by plaintiff. p. 274.

6. FRAUDS, STATUTE OF.—*Scope.*—*Contract for Sale of Corporate Stock in Excess of Fifty Dollars.*—A contract for the sale of corporate stock when the amount exceeds $50 is within the statute of frauds, and cannot be varied by parol. p. 277.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by Charles A. Holbrook against John W. Culp

and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Kenner & Sapp* and *Cook & Krieg,* for appellants.
*Knowlton H. Kelsey* and *Aiken & Peters,* for appellee.

McMAHAN, J.—Complaint by appellee for damages, alleging that the appellee entered into a contract with a corporation in which the appellants were stockholders, to purchase certain shares of the preferred and common stock and that the appellants in order to induce the appellee to purchase such stock agreed in writing to purchase any and all of said stock of appellee at a fixed price provided the appellee notified the appellants between August 10, and September 10, 1916, of his desire to sell said stock; that relying upon said contract with appellants, appellee purchased 150 shares of the preferred stock and seventy-five shares of the common stock of said corporation, and that on September 9, 1916, he exercised his option and right to sell said shares of stock at the fixed price in the agreement, and demanded that the appellants purchase said stock which they refused to do.

Judgment against the appellants for $1,700 from which they appeal and assign as error the action of the court in overruling their demurrer to the second paragraph of complaint and in overruling their motion for a new trial.

The fact that the agreement was signed by the appellants alone does not prevent appellee from maintaining an action for its breach. Appellants owned stock 1, 2. in the corporation and were interested in having appellee purchase the stock in question from the corporation. This was a sufficient consideration to support their agreement to purchase the stock from appellee. When appellee purchased the stock, appellants had

the benefit of the consideration and are bound by the terms of the contract even though it be a unilateral contract.

Neither was the contract of appellants invalid for want of mutuality. It is well settled that an agreement founded on a consideration is not invalid

3. for want of mutuality because one party has an option and the other has not, or because it is obligatory on one and optional with the other.

4. Want of mutuality cannot be set up as a defense by the party who has received the benefit simply because it was left optional with the other party

5. whether he would enforce his right under the contract. 13 C. J. 336, §183. The contract was sufficiently certain and appellee having purchased the stock from the corporation in reliance upon appellants' agreement shows an acceptance of such agreement. There was no error in overruling the demurrer to the complaint.

Appellants insist that the court erred in giving instructions Nos. 1 and 2 as requested by appellee. These instructions were to the effect that the contract for the sale of shares of stock in the corporation being for an amount in excess of $50 was under the statute of frauds required to be in writing and could not be varied by parol.

Mechem, after quoting the English law as laid down by Mr. Benjamin, wherein it is stated that the statute does not apply to "shares, stocks, documents of title, choses in action, and other incorporeal rights and property," says: "In the United States, as will be observed from the summary given, the statutes are often more comprehensive than the English act, extending to 'goods' in some cases, and in others to 'personal property.' The variance has caused a somewhat different line of results to be reached here, though there is doubt-

less at the same time a tendency to give the statute in its original form a more liberal interpretation. The general rule in this country unquestionably includes not only corporeal movable property, both animate and inanimate, but also those choses in action, 'which are subject to common sale and barter, and which have a visible and palpable form.' * * *

"Stocks in corporations, which are not generally included in England, are here usually deemed to be within the statute, though this ruling in some cases was made under the more comprehensive statute referred to. In the leading case in Massachusetts, where the statutory language was 'goods, wares and merchandise,' it was said: 'There is nothing in the nature of stocks, or shares in companies, which in reason or sound policy should exempt contracts in respect to them from these reasonable restrictions designed by the statute to prevent fraud in the sale of other commodities. On the contrary, these companies have become so numerous, so large amount of the property of the community is now invested in them, and as the ordinary *indicia* of property, arising from delivery and possession, cannot take place, there seems to be a peculiar reason for extending the provision of the statute to them.' On the other hand, in a late case in Maryland, it is said: 'A subscription for shares of stock in an ordinary corporation is not a contract for the sale of goods, wares and merchandise; words which comprehend only corporeal movable property. Shares of stock are but choses in action, and are not within the statute.'" 1 Mechem, Sales §§330 and 331. See also, 25 R. C. L. 616, §230; 20 Cyc 243; and Smith, Law of Frauds §373.

Appellants cite *Rogers* v. *Burr* (1898), 105 Ga. 432 in support of the proposition that a contract for the sale of corporate stock is not within the rule. This case, however, was overruled in *Hightower* v. *Ansley*

(1906), 126 Ga. 8, where the court said: "It is more within the spirit of the law that personal property which is capable of assignment or transfer should not be distinguished from goods, wares and merchandise, as taken in their literal sense. If the terms 'goods, wares and merchandise' are given their limited significance, it would exclude, without reason, from the operation of the statute a large class of personal property."

The only other American case cited by appellants in support of that proposition is *Vawter* v. *Griffin* (1872), 40 Ind. 593, where the court used *dicta* to the contrary. See 29 Am. and Eng. Ency. of Law 961, note 3, and note to *Sprague* v. *Hosie* (1908), 155 Mich. 30, 118 N. W. 497, 139 Am. St. 558, 19 L. R. A. (N. S.) 874, where reference is made to the Vawter case and the statement therein relative to corporation stock declared to be obiter.

The Supreme Court of the United States in *Gay's Gold* (1872), 80 U. S. 358, 20 L. Ed. 606, held that "goods, wares and merchandise" meant every species of property which was not real estate or freehold, while the court in *French, Exrx.,* v. *Schoonmaker* (1903), 69 N. J. Law 6, 54 Atl. 225 said the words "goods, wares and merchandise" when used in the statute of frauds are equivalent to the term personal property and are intended to include whatever is not embraced by the words "lands, tenements and heriditaments" in the preceding section.

The Supreme Court of Washington in *Hewson* v. *Peterman Mfg. Co.* (1913), 76 Wash. 600, 136 Pac. 1158, 51 L. R. A. (N. S.) 398, says: "It is established by the great weight of authority that corporate stock is goods, wares, and merchandise within the meaning of the statute of frauds." Citing 20 Cyc 244, 2 Cook, Corporations (7th ed.) §339, Helliwell, Stock and Stockholders 15, 4 Words and Phrases 3131; *Sprague* v. *Hosie,*

*supra; Franklin* v. *Matoa Gold Min. Co.* (1907), 158 Fed. 941, 16 L. R. A. (N. S.) 381, 14 Ann. Cas. 302.

This rule has been followed in *Stifft* v. *Stiewel* (1909), 91 Ark. 445, 125 S. W. 1008, 18 Ann. Cas. 597; *Russell* v. *Betts* (1913), 107 Ark. 629, 156 S. W. 457; *Korrer* v. *Madden* (1913), 152 Wis. 646, 140 N. W. 325; *Snow, etc., Co.* v. *Johnson* (1911), 186 Fed. 745; *Boardman* v. *Cutter* (1880), 128 Mass. 388; *Berwin* v. *Bolles* (1903), 183 Mass. 340, 67 N. E. 323; *French, Exrx.,* v. *Schoonmaker, supra; Greenwood* v. *Law* (1892), 55 N. J. Law 168, 26 Atl. 134; *Allen* v. *Sewall* (1829), 2 Wend. (N. Y.) 327; *Smith* v. *Wilcox* (1862), 24 N. Y. 353, 82 Am. Dec. 302; *Tompkins* v. *Sheehan* (1899), 158 N. Y. 617, 53 N. E. 502; *Chicago & Aurora R. Co.* v. *Thompson* (1858), 19 Ill. 578; *Pippin* v. *Ellison* (1851), 34 N. C. 61, 55 Am. Dec. 403. See, 25 R. C. L. 616, §230; Smith, Law of Frauds §373.

In view of the overwhelming weight of authorities, we decline to follow the *dicta* in *Vawter* v. *Griffin, supra,* which is not supported by any American authority, and hold that a contract for the sale of corporate stock when the amount involved exceed $50 is within the statute of frauds and cannot be varied by parol. There was no error in giving instructions Nos. 1 and 2 requested by appellee.

Instruction No. 7 relative to the measure of damages given at the request of appellee is not well worded, but when considered with the other instructions given, its giving is not reversible error. Judgment affirmed.