## HEDGEPETH ET AL. *v.* UNION TRUST COMPANY, ADMINISTRATOR, ETC.

[No. 24,013.    Filed June 3, 1924.]

1. CONTRACTS.—*Repurchase of Corporate Stock.—Validity.*—A written agreement by sellers of worthless corporate stock, executed at the time of the sale of such stock to a purchaser, to repurchase said stock within a specified time, and pay therefor the amount of the purchase price, with interest, constitutes a binding contract for an option of purchase, to be exercised by the purchaser making the required demand. p. 620.

2. EXECUTORS AND ADMINISTRATORS.—*Contract to Purchase Property.—Chose in Action.—Passes to Administrator.*—A binding agreement, for a consideration, to buy certain property at a

fixed price, on demand by the owner thereof within specified time, is a chose in action, which passes to the seller's administrator or executor on seller's death before the expiration of the time fixed, and may be enforced by such administrator or executor. p. 621.

3. EXECUTORS AND ADMINISTRATORS.—*Sale of Corporate Stock.—When Order of Court Necessary.—Statute.*—Section 2796 Burns 1914 (§2279 R. S. 1881) prohibiting the sale of corporate stock belonging to an estate without an order of court, applies only when the owner of the stock shall have died intestate, or, dying testate, shall have made no disposition of the stock by his will, and is not applicable when the testator has entered into a binding contract to sell the same and then bequeathed it to his residuary legatees, and his executor may enforce the contract. p. 621.

4. EXECUTORS AND ADMINISTRATORS.—*Sale of Corporate Stock.—Court Order Unnecessary.*—There is no statute which requires an order of court before an executor can elect to demand the performance of an option contract to purchase certain corporate stock from the testator, on demand made within a specified time, and the fact that an order of court to sell the stock was not obtained until after the demand was made is no defense to an action by the executor for breach of the contract when the procuring of such order would have been merely one of the formalities of transferring the title, which it would have been the duty of the court to order. p. 621.

From Marion Superior Court (106,536); *V. G. Clifford,* Judge.

Action by the Union Trust Company, as administrator with the will annexed, against V. W. B. Hedgepeth and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Elias D. Salsbury,* for appellants.
*Baker & Daniels,* for appellee.

EWBANK, J.—Appellee sued appellant for the alleged breach of a contract with its decedent, and recovered a judgment for $10,000, with interest, in the total sum of $14,142.21. Overruling a demurrer to the complaint and stating alleged erroneous conclusions of law on the facts found are assigned as error.

The issues were formed by an answer of general denial, and by a reply of denial to certain paragraphs of special answer pleading want of consideration, and that the administrator was not, after the death of its decedent and before the expiration of the offer to purchase the stock, ready and able to sell and deliver the same or any part thereof.

The special finding recites the facts thus put in issue, including all that were alleged in the complaint, so that all the questions presented by the record and briefs may be decided from a consideration of the special finding and conclusions of law.

In substance, the court found that appellee is the administrator with the will annexed, of the estate of Harry J. Milligan; that Milligan died testate on October 1, 1916, and by his will bequeathed the residue of his estate in equal parts to his wife, his daughter, and Wabash College; that in the lifetime of said decedent, on November 29, 1915, appellant Hedgepeth, who was the president and a director and stockholder of a certain insurance corporation, and was devoting the greater part of his time and energies to the affairs of that corporation, signed and delivered to said Milligan a written instrument which recited that he had solicited Milligan to purchase 200 shares of the preferred stock of that corporation, and as an inducement to him to subscribe for and purchase such shares, appellant thereby undertook and agreed that, in the event he did so, then, "upon thirty days notice to me from him", appellant would purchase or cause to be purchased from him said 200 shares of stock, or any part thereof, at $50 per share, with interest at eight and one-half per cent., less dividends received by Milligan, "said Milligan to exercise the right here given during the year 1916, but not afterward;" that appellant Hall was at that time the general manager and a director and stock-

holder of said corporation, and was devoting the greater part of his time and energies to it, and he then, and before Milligan had purchased the stock, wrote at the bottom of said instrument the words "I hereby join with Mr. Hedgepeth in the above guarantee. Rob't Hall." That after both appellants had so signed said instrument and delivered it to Milligan, said Milligan, on the same day, subscribed for and purchased from said insurance corporation 200 shares of its preferred stock of the par value of $50 per share, and paid for them $10,000 in cash, and received from it ten certificates for twenty shares each of such stock, all of which were issued in the name of appellant Hedgepeth, and each of which was indorsed in blank by him before being delivered to Milligan; that after appellee had qualified as administrator, as above stated, on November 22, 1916, appellee served on each appellant a notice in writing that Mr. Milligan had died and appellee had become the administrator of his estate, and that as such administrator "it now elects to exercise and does exercise the right given Mr. Milligan by said contract as to all of said 200 shares, and hereby demands that you purchase from it or cause to be purchased from it, within thirty days from the receipt by you of this notice, said 200 shares * * * at $50 per share, and that you pay interest * * * in accordance with the contract"; that said stock, at the time it was so subscribed for and purchased by Milligan, on the day the instrument of guaranty was executed, and at all times afterward, was and continued to be of no value whatever; that, after certain negotiations, the appellants made a counter offer to purchase the stock on certain terms as to payments and credit, which was satisfactory to appellee, and on March 15, 1917, the Marion Probate Court directed that said stock be sold at private sale on the terms and in conformity with said offer, and,

in obedience to the order, appellee gave notice and offered it for sale, but appellants failed to purchase it; that no other order to sell it was or had been obtained from the court than as stated, but continuously from and after October 6, 1916, appellee was and has been ready, able and willing to present a proper petition asking for such authority, and would have done so on notice that appellants, or either of them, were prepared to purchase said stock pursuant to said agreement, and no facts existed which would have given the probate court any reason to deny such a petition if one had been filed; that continuously appellee has been ready, able and willing to perform the other stipulations of the contract upon compliance with the agreement to purchase the stock at the price fixed by such contract; that nothing was paid on the stock in dividends or interest; that said decedent and his estate have continuously, since November 29, 1915, owned and held said stock, free from all rights of others, except as above stated, and said estate is and at all times has been solvent, and it was never necessary to sell said stock to pay debts or costs of administration. The conclusions of law were to the effect that appellee was entitled to recover from appellants $10,000, with interest from the date of the contract, and its costs.

The facts found sufficiently established an acceptance by Milligan of the offer to enter into a contract giving him the right to sell the stock back to appellants at the designated price, if he should exercise such right within the year 1916. And having paid $10,000 in cash for stock that had no value, in consideration of the written promise by appellants to repay him the money, with interest, for the stock, upon demand within a time fixed by the agreement, such promise was binding as a completed contract for an option of purchase, to be exercised by making the required

demand. *Culp* v. *Holbrook* (1920), 76 Ind. App. 272, 274, 129 N. E. 278; *Magic Packing Co.* v. *Stone-Ordean, etc., Co.* (1902), 158 Ind. 538, 539, 64 N. E. 11; *Burke* v. *Mead* (1902), 159 Ind. 252, 256, 64 N. E. 880; *Strebel* v. *Bligh* (1915), 183 Ind. 537, 109 N. E. 45; 23 R. C. L. 1290, §105.

A binding agreement, executed for a consideration, to buy certain property at a fixed price, on demand to be made within a certain time, was a chose in 2. action that passed to the administrator of the seller, upon his death before the expiration of the time so fixed, like any other contract of purchase and sale. And whatever Milligan could have done toward enforcing the agreement might be done by his administrator.

The fact that the order of court to sell the stock was not obtained until after the close of the year 1916 is no defense to this action. The finding shows 3, 4. that notice was given in November of that year that the administrator had exercised the option to sell, and also shows that the administrator was at all times ready, able and willing to complete the sale, including a willingness to apply for an order of court to consummate the sale, and shows the existence of a state of facts which would make it the duty of the court to grant the order. Counsel for appellant cite and rely on §2796 Burns 1914 (§2279 R. S. 1881). But that section only purports to apply in case the owner of stock in a corporation shall have died intestate, or dying testate, shall have made no disposition of his stock by his will. In the case at bar, the stock was owned subject to the terms of the option contract, the estate was solvent, and the decedent left a will by which he bequeathed the stock and also the option contract for its purchase to his residuary legatees. There is no statute which required an order of court before the executor

could elect to demand that the stock be purchased pursuant to the contract. And the facts found show that procuring an order for the consummation of the sale would have been merely one of the formalities of transferring the title, in completing the performance of a contract made by the decedent in his lifetime. ·

The judgment is affirmed.