## MICHAEL MEEHAN *vs.* OTTO SHARP.

Suffolk. May 9, 1890. — June 19, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Corporation — Certificate for Unissued Stock — Statute of Frauds*
*— Acceptance.*

An oral agreement was for the purchase at an agreed price of unissued shares of stock, of which the seller held a certificate, reciting that it was held in pool until a vote should be taken to issue it, failing which within a limit the stock was to be issued upon demand and presentation of the certificate; and the purchaser accepted and received the certificate indorsed in blank by the seller. *Held*, that the acceptance and receipt, even if the agreement was within the statute of frauds (Pub. Sts. c. 78, § 5), took it out of the statute, and rendered the purchaser liable for the price agreed.

*It seems*, that unissued shares of stock in a corporation for which certificates of ownership are delivered "are not goods, wares, or merchandise," within the statute of frauds (Pub. Sts. c. 78, § 5).

CONTRACT. The amended declaration alleged that the plaintiff sold and delivered all his right, title, and interest in and to fifty shares of the American Conduit and Construction Company, the stock of the company being then held under a pooling agreement by the directors, to the defendant, who agreed to pay him five dollars a share for the stock, but neglected and refused to pay the same. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence that the plaintiff orally agreed to sell to the defendant the shares in question, and delivered to him a

certificate therefor in the following form, the same being indorsed in blank:

" This certifies that Michael Meehan of Boston is the owner of fifty shares of the capital stock of the American Conduit and Construction Company, a corporation duly organized under the laws of the State of Maine, which stock is held in pool, and is not to be issued except by vote of the board of directors authorizing the delivery of the same, it being, however, hereby understood and agreed that, in the event of such vote not being passed by the board of directors within the term of six months from the date hereof, the aforesaid pool shall of itself become null and void, and the said fifty shares of stock so owned by Michael Meehan shall be delivered to him forthwith, upon demand and the presentation of this certificate, and the acceptance of this certificate is an assent to the foregoing conditions."

The defendant denied that he made any agreement to purchase, and testified that the indorsed certificate was delivered to him for another purpose. There was no note or memorandum of the bargain, and no payment of any part of the purchase money, and no delivery except the delivery of the indorsed certificate.

The defendant asked the judge to rule that the plaintiff could not recover on the pleadings and evidence, that the delivery and acceptance of the indorsed certificate were not a sufficient acceptance and receipt under the Pub. Sts. c. 78, § 5, and that the agreement claimed by the plaintiff was void under the Pub. Sts. c. 78, § 6. The judge declined so to rule, and instructed the jury that, if the defendant orally agreed with the plaintiff to buy of him the fifty shares mentioned in the certificate, and to pay him therefor five dollars a share, and thereupon, in pursuance of that agreement, the plaintiff delivered to the defendant and the defendant received and accepted the indorsed certificate, the plaintiff could recover.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*P. J. Flatley*, for the plaintiff.

KNOWLTON, J.  The plaintiff had a certificate showing that he was the beneficial owner of fifty shares of stock in a corpora-

tion. The shares had not been issued, but were held in pool, and were to be issued whenever the board of directors should vote to authorize a delivery of them, and, if they should not so vote within six months from the date of the certificate, were to be delivered to the plaintiff forthwith, on demand and the presentation of the certificate. Under the instructions of the presiding justice, the jury must have found that the defendant orally agreed with the plaintiff to buy of him the fifty shares mentioned in the certificate, and to pay him therefor five dollars a share, and that thereupon, in pursuance of the agreement, the plaintiff delivered and the defendant received and accepted the certificate, with the plaintiff's indorsement of his name on the back thereof.

It has been held in this Commonwealth, and in several other States, that shares of stock in a corporation are within the provisions of the statute of frauds in regard to sales of "goods, wares, or merchandise for the price of fifty dollars or more." Pub. Sts. c. 78, § 5. *Tisdale* v. *Harris*, 20 Pick. 9. *Boardman* v. *Cutter*, 128 Mass. 388. *Pray* v. *Mitchell*, 60 Maine, 430, 435. In England, although the law was formerly otherwise, and in some of the American States, such shares are not held to be "goods, wares, or merchandise," but a different and peculiar kind of property, to which the statute does not apply. *Duncuft* v. *Albrecht*, 12 Sim. 189. *Humble* v. *Mitchell*, 11 A. & E. 205. In *Somerby* v. *Buntin*, 118 Mass. 279, it was decided that an oral agreement for the sale of an interest in an invention before letters patent are obtained may be enforced; and it was said in the opinion, that "the words of the statute have never yet been extended by any court beyond securities which are subjects of common sale and barter, and which have a visible and palpable form."

- In the present case, it is at least doubtful whether the contract, which was for the sale of stock that had not been regularly issued, can properly be brought within the statute, under the authorities in this Commonwealth. If not, the instruction was sufficiently favorable to the defendant.

But if we assume, in accordance with the defendant's contention, that the plaintiff's interest in the stock was "goods, wares, or merchandise," the only question in this case is whether the

defendant's receipt and acceptance of the indorsed certificate was sufficient to charge him with a liability for the price. The plaintiff's indorsement, in connection with the sale of his interest in the stock and the delivery of the certificate, impliedly authorized the defendant to write over the signature a contract of assignment of the plaintiff's rights in the property. In view of the nature of the interest sold, the delivery was the only one possible. The defendant received and accepted all that was capable of manual transfer. His receipt and acceptance, under the circumstances, must be deemed to have been for the purpose of assuming control of the property. He had all the *indicia* of ownership, he acquired all the possession which it was possible to take of the property, and his act was a constructive acceptance of the property itself. In this aspect of the case the instruction was correct. *Badlam* v. *Tucker*, 1 Pick. 389. *Pratt* v. *Parkman*, 24 Pick. 42. *Audenreid* v. *Randall*, 3 Cliff. 99, 113. *Dows* v. *Greene*, 24 N. Y. 638.

*Exceptions overruled.*