HAXTON, Respondent, v. THE GILSONITE
CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals, December 15, 1908.

1. **PRACTICE: Incompetent Evidence: Waiver.** Where counsel
for a party elicits from a witness on cross-examination testi-
mony which is incompetent, he thereby waives the incompetency
of the evidence and cannot be heard to complain of the court's
action in refusing to strike it out.

2. **MASTER AND SERVANT: Wrongful Discharge: Burden of
Proof.** In an action by a servant against his master for wrong-
ful discharge before the expiration of his term of employment,
after the discharge during the term is shown the burden is
on the master to show the discharge was for good cause, and
it is not cast upon the plaintiff on account of an allegation in
his petition that he was discharged without just cause.

Appeal from St. Louis City Circuit Court.—*Hon. Robt.
M. Foster* and *Hon. Virgil Rule,* Judges.

AFFIRMED.

*Marion C. Early* for appellant.

BLAND, P. J.—The action originated in a justice's
court and was in due course appealed to the circuit
court, where on a trial *de novo* to the court sitting
as a jury, the finding and judgment were for plaintiff.
Defendant appealed. An amended statement was filed
in the circuit court, in which it is alleged that defend-
ant, a corporation, in January, 1906, employed plaintiff
as superintendent for a period of one year from Feb-
ruary 1, 1906, at a wage of $150 per month, payable
monthly. That plaintiff entered upon the performance

of his part of the contract on February 1, 1906, and continued to serve defendant as its superintendent until September 1st of the same year when he was wrongfully and without cause discharged by defendant and was unable to procure employment for one month and two days thereafter, resulting in his damage in the sum of $161. There is no dispute as to the fact that plaintiff was employed by defendant at a wage of $150 per month, but there is a sharp conflict in the evidence in respect to the time for which he was employed. Plaintiff's own evidence is positive and direct that he was employed for a year; on the other hand defendant is equally as positive that he was employed from month to month. The trier of the facts found the employment was by the year and this court is concluded as to this issue by the finding of the trier of the facts.

Defendant denied the allegation that plaintiff was discharged without cause. On this issue the undisputed evidence is that C. O. Brainerd was general superintendent over all, and plaintiff, as superintendent of construction work, was over all others called in the evidence superintendents and bosses, yet was subordinate to Brainerd. The evidence is also clear that plaintiff was disposed to have his own way and resented suggestions or directions from Brainerd in regard to the details of his work, and that while he did not, according to his own evidence, absolutely refuse to carry out some of Brainerd's instructions, he nevertheless failed to do so; it also appears from defendant's evidence, corroborated in part by plaintiff's own evidence, that there was a great deal of friction between plaintiff and the bosses under him and some of the work done under plaintiff's supervision was unsatisfactory and had to be done over. Defendant's evidence is that plaintiff was discharged for these reasons.

Mr. Nolker was president of the company at the

time plaintiff was employed. He died before the trial. Touching the contract of employment, plaintiff, on cross-examination by defendant's counsel testified to conversations between himself and Nolker at the time of his employment. His evidence tended to prove the employment was for a year. The evidence thus elicited by cross-examination was unfavorable to defendant and defendant moved to strike it out. The court very correctly overruled this motion. Counsel cannot experiment with incompetent testimony in this manner; if it had been favorable to defendant, there would have been no motion to strike it out. By its cross-examination defendant waived the incompetency of the evidence and cannot now be heard to complain of the court's action in refusing to strike it out.

The court of its own motion gave the following declaration of law, to the giving of which defendant objected and excepted:

"The court sitting as a jury declares the law to be that by the term 'good cause' as used in these instructions is meant that plaintiff was bound to render such services for defendant and in such manner as a reasonably skillful and competent workman should have rendered under defendant's directions, and if you find from the evidence that plaintiff failed to render such services, then the court declares there was a good cause for his discharge and the verdict will be for defendant; and you are further instructed that the burden is upon the defendant to establish to your satisfaction by a preponderance of the evidence, that the plaintiff failed to so render such services."

The rule is, in an action by a servant against his master for wrongful discharge before the expiration of his term of employment that the burden is on the master to show the discharge was for good cause (Koenigkraemer v. Missouri Glass Co., 24 Mo. App. 124; Miller v. Boot & Shoe Co., 26 Mo. App. 57), and the rule

applies in this case, unless by his complaint plaintiff took the burden upon himself to prove that his discharge was without good cause. The complaint states that "upon the last day of August or the first day of September, 1906, he (plaintiff) was without cause discharged by defendant from his said employment." This averment is an affirmative one and was put at issue. By thus framing his complaint, plaintiff took upon himself the burden of showing he was discharged without good cause. [Glover v. Henderson, 120 Mo. 367; Bunker v. Hibler, 49 Mo. App. 536; Stephenson v. Kilpatrick, 166 Mo. 262; Marshall v. Ferguson, 94 Mo. App. 175.] But Judges GOODE and NORTONI are of the opinion that as it was not essential to his right of recovery that plaintiff prove he was discharged without good cause, he did not assume the burden of proving that fact, though he alleged it in his petition; that he made a prima-facie case by showing his readiness to comply with his part of the contract but was prevented by defendant; that the burden was on defendant to show the discharge was for good cause, and hence the instruction is correct. On this view of the law of the case, entertained by Judges *Goode* and *Nortoni*, the judgment is affirmed.