[No. 9584.  Department Two.  October 13, 1911.]

FRED LLEWELLYN, *Appellant*, v. ABERDEEN BREWING
COMPANY, *Respondent*.[1]

CORPORATIONS—OFFICERS AND AGENTS—CONTRACT OF EMPLOYMENT
—DISCHARGE—AUTHORITY OF CORPORATION—STATUTES—CONSTRUCTION.
Under Rem. & Bal. Code, § 3683, authorizing the trustees of a cor-
poration to appoint such officers, agents and servants as the business
of the corporation shall require, fix their compensation, and remove
them at will, an attorney and general manager employed at a fixed
salary for the term of three years may be removed by the trustees
at any time, without rendering the corporation liable to him for
compensation for the remainder of the unexpired term.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered March 21, 1911, upon granting a
nonsuit, dismissing an action on contract.  Affirmed.

*Peters & Powell*, for appellant, contended, that the power
to remove an officer or employee does not relieve the corpora-
tion from liability for damages for breach of contract of
employment for a definite time.  *Munn v. Wellsburg Bank-
ing & Trust Co.*, 66 W. Va. 204, 66 S. E. 230, 135 Am. St.
1024; *Trustees of Soldiers' Orphans' Home v. Shaffer*, 63
Ill. 243; *Hand v. Clearfield Coal Co.*, 143 Pa. St. 408, 22 Atl.
709; *Martino v. Commerce Fire Ins. Co.*, 15 Jones & S. 520,
47 N. Y. Sup'r Ct. 520; Clark and Marshall, Private Cor-
porations, § 66; *Carney v. New York Life Ins. Co.*, 162 N. Y.
453, 57 N. E. 78, 76 Am. St. 347, 49 L. R. A. 472, note,
subd. 11; *O'Neal v. Neider Co.*, 25 Ky. Law 2279, 80 S. W.
451; *In re Griffing Iron Co.*, 63 N. J. L. 168, 41 Atl. 931;
*Id.*, 63 N. J. L. 357, 46 Atl. 1097.

*McClure & McClure* and *Edwin C. Ewing*, for respondent.

CROW, J.—Action by Fred Llewellyn against Aberdeen
Brewing Company, a corporation, to recover damages arising
from the breach of a contract of employment.  At the close

[1]Reported in 118 Pac. 30.

of plaintiff's evidence, a nonsuit was granted and the action dismissed.   The plaintiff has appealed.

The only question presented is whether the trial court erred in granting the nonsuit.   The following facts appear: Respondent is a corporation organized and existing under the laws of the state of Washington.   On November 15, 1907, it, as party of the first part, and appellant, as party of the second part, entered into a written contract, material portions of which read as follows:

"That the party of the first part does hereby employ the party of the second part to act as its attorney and assistant manager for the period of three years from and after December 1, 1907, and agrees to pay second party for the first year of said period the sum of $250 per month, monthly at the end of each calendar month, and for the remaining two years of said period, the sum of $300 per month, monthly as aforesaid.   And the second party, for and in consideration of the salary hereinabove provided, agrees to faithfully, well and truly perform the duties of attorney and assistant manager for first party for said period.   This contract is entered into in duplicate the day and year first above written in pursuance of authority granted in a resolution of the board of trustees of first party passed at its regular meeting of November 14, 1907."

Appellant entered upon and continued his duties until February 1, 1909, when he was discharged.   He tendered performance for the remainder of the term, but respondent rejected his services, waived further tender, and refused him further salary.   It is unnecessary to state the reasons for appellant's discharge.   They did not involve his competency, integrity, or industry, but resulted from differences of opinion as to whether certain services could be required of him. For the purposes of this appeal no neglect of duty can be considered, the issue being one of law only.

Section 3683, chapter 1, Rem. & Bal. Code, relating to the organization and management of corporations, reads as follows:

"When the certificate shall have been filed, the persons who shall have signed and acknowledge the same, and their successors, shall be a body corporate and politic in fact and in name, by the name stated in their certificate, and by their corporate name have succession for the period limited, and shall have power,— . . .

"(4)    To appoint such officers, agents, and servants as the business of the corporation shall require, to define their powers, prescribe their duties, and fix their compensation;

"(5)    To require of them such security as may be thought proper for the fulfillment of their duties, and to remove them at will; . . ."

Respondent contends that this statute enters into and forms a part of every contract by which a corporation appoints its officers, agents, and servants, and that appellant's contract must be construed as it would be construed had it contained a clause expressly reciting an agreement that respondent's trustees should have authority to remove appellant at will. Trustees of a corporation act in a fiduciary capacity as official representatives of the stockholders. The duty is imposed upon them to exercise their best efforts, judgment, and discretion, on behalf of the stockholders for the advancement of their interests and the protection of their rights. The expression "officers, agents, and servants," used in subdivision 4 of § 3683, *supra*, contemplates employees of a fiduciary character who are to occupy positions of responsibility and trust, as subdivision 5 provides that such security as may be thought proper may be required of them for the fulfillment of their duties. Ordinarily trustees of corporations in this state are elected annually. If they were authorized to appoint officers, agents, and servants to positions of responsibility and trust in the management of corporate affairs, and extend their appointment over a term of years, and thus deprive succeeding trustees of the power of removal, they could by such procedure indefinitely perpetuate any business policy, one even that might be detrimental to the interests of stockholders, who would be unable to obtain relief through

11—65 WASH.

the election of different trustees or by other methods. To avoid the possibility of such an arbitrary exercise and abuse of power, the legislature conferred upon the corporation authority to remove its officers, agents, and servants at will. Appellant knew of this statutory authority when he entered into his contract of employment; that it would constitute a part of the contract, and that respondent could remove him at will. The trial judge held he could be so removed, and we fail to see how the statute is susceptible of any other construction. This conclusion is well sustained by authority. 3 Clark and Marshall, Private Corporations, § 666; *Hunter v. Sun Mut. Ins. Co.*, 26 La. Ann. 13; *Darrah v. Wheeling Ice & Storage Co.*, 50 W. Va. 417, 40 S. E. 373; *Carney v. New York Life Ins. Co.*, 162 N. Y. 453, 57 N. E. 78, 76 Am. St. 347, 49 L. R. A. 471; *Beers v. New York Life Ins. Co.*, 20 N. Y. Supp. 788; *Fowler v. Great Southern Tel. & Tel. Co.*, 104 La. 751, 29 South. 271; *Douglass v. Merchants' Ins. Co.*, 118 N. Y. 484, 23 N. E. 806, 7 L. R. A. 822; *Brindley v. Walker*, 221 Pa. 287, 70 Atl. 794, 23 L. R. A. (N. S.) 1293.

In *Hunter v. Sun Mut. Ins. Co., supra,* plaintiff was employed for one year as premium ledger bookkeeper by the defendant corporation, and claimed he was improperly discharged. The Louisiana court said:

"The ninth article of the by-laws of the company provides that 'the tenure of all the officers of this corporation shall be during the pleasure of a majority of the board of directors, and at the first meeting of each new board an election shall be held for all officers of the company.' These by-laws were passed at least as early as the year 1866, before the plaintiff was employed by the defendants, and he must be presumed to have known them. We consider him to be an officer in the sense of the by-laws. He therefore knew the precarious tenure by which he held his position. The directors had the right to remove him at their pleasure, and having done so he has no claim against the company. It is admitted that he discharged his duties faithfully, and several witnesses, some of them in the employ of the defendants, say that when continued at the commencement of the year they consider them-

selves employed for the whole year.    But other witnesses testify the other way.    Under these circumstances we cannot say that the plaintiff has established the evidence of any custom which would entitle him to be paid as he claims to be, and if he had we do not see how he could claim the benefit of it in the face of the article of the by-laws which we have quoted, and which is the law between himself and the defendants."

This case has been followed and approved in most of the cases above cited.    Appellant seeks to distinguish it by calling attention to the fact that the discharged employee was held to have been an officer of the corporation, which appellant says he was not.    Our statute not only includes officers, but also agents and servants, evidently referring to such representatives as will occupy positions of responsibility and trust.    Appellant was such an employee, and under the principles announced in the *Hunter* case and the other authorities above cited, which we adopt and approve, he must be held to have entered into the contract subject to the statutory authority vested in the corporation trustees by which they were empowered to remove him at will.

The judgment is affirmed.

DUNBAR, C. J., MORRIS, ELLIS, and CHADWICK, JJ., concur.