[No. 11282. Department One. December 12, 1913.]

## F. C. HEWSON, *Appellant*, v. PETERMAN MANUFACTURING COMPANY, *Respondent*.[1]

FRAUDS, STATUTE OF—GOODS, WARES, AND MERCHANDISE—CORPORATE STOCK—FUTURE ISSUE. Corporate stock is goods, wares and merchandise within the meaning of the statute of frauds, Rem. & Bal. Code, § 5290, requiring contracts for the sale thereof for the price of fifty dollars or more to be in writing; and a contract for the sale of corporate stock to be issued and delivered at a future date is within the statute.

SAME—SALE OF GOODS—PART PAYMENT. The resignation, by the purchaser of corporate stock, of a position he held with a third party, as part of his agreement to purchase the stock of the defendant, so that he could accept a position with the defendant, is not the giving of "something in earnest to bind the bargain or in part payment," within the meaning of the statute of frauds, Rem. & Bal. Code, § 5290, requiring contracts for the sale of goods, wares, and merchandise for the price of fifty dollars or more to be in writing, unless something be given in earnest or in part payment.

CORPORATIONS—OFFICERS—CONTRACTS FOR EMPLOYMENT — BREACH. The position of "bookkeeper under the title of secretary and treasurer" of a corporation is a position of "responsibility and trust," and the incumbent would be removable at will; hence no more than nominal damages could be recovered for breach of contract to employ one in such position.

[1] Reported in 136 Pac. 1158.

DAMAGES—ACTIONS—ISSUES AND PROOF—NOMINAL DAMAGES. In an action merely for damages for breach of contract, failure to prove substantial damages is failure to prove the substance of the issue and warrants a dismissal of the action.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 31, 1912, dismissing an action for breach of contract, upon sustaining a demurrer to the complaint. Affirmed.

*Garvey, Kelly & MacMahon,* for appellant.
*John E. Gallagher,* for respondent.

Gose, J.—Plaintiff claims damages for breach of an oral contract to sell corporate stock and give employment. His complaint alleges that he and the defendant entered into an oral contract, whereby the defendant agreed to increase its capital stock and sell him fifty shares of such increase at par, that is, at $100 a share, and to employ plaintiff as its "book-keeper under the title of secretary and treasurer," at a salary of $150 per month, in consideration of his resigning the position which he then held with another company and paying to defendant $5,000 for the stock. It is further alleged that, in fulfillment of the contract, the plaintiff, upon the day of the bargain, resigned his position, and thereafter tendered to the defendant his services and the sum of $5,000, both of which the defendant rejected; that the defendant increased its capital stock; that its capital stock is of the market value of $150 per share, and that his resignation was "known, acquiesced in and accepted" by the defendant as a part performance of the contract. The prayer is for $2,500 damages for failure to deliver the stock, and $600 for breach of the contract of employment. A demurrer to the complaint was interposed on three grounds: (1) that several causes of action are improperly united; (2) that the complaint does not state facts sufficient to constitute a cause of action; and (3) that the contract under the statute of frauds is required to be

in writing. The demurrer was sustained and judgment of dismissal entered. The plaintiff has appealed.

The respondent's contention is two-fold: (a) that shares of corporate stock are "goods, wares, and merchandise," within the meaning of the statute of frauds, and (b) that the act of the appellant in resigning his position was not the giving of an earnest or a part payment under the statute. Our statute, Rem. & Bal. Code, § 5290 (P. C. 203 § 5), provides:

"No contract for the sale of any goods, wares, or merchandise, for the price of fifty dollars or more, shall be good and valid, unless the purchaser shall accept and receive part of the goods so sold, or shall give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing of the bargain be made and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized."

Rem. & Bal. Code, §3693 (P. C. 405 § 33), provides that the stock of a corporation shall be deemed personal property. It is established by the great weight of authority that corporate stock is goods, wares, and merchandise within the meaning of the statute of frauds. 20 Cyc. 244; Cook, Corporations, 339; Helliwell, Stock & Stockholders, p. 15; 4 Words & Phrases, p. 3131; *Sprague v. Hosie*, 155 Mich. 30, 118 N. W. 497, 130 Am. St. 558, 19 L. R. A. (N. S.) 874; *Franklin v. Matoa Gold Min. Co.*, 158 Fed. 941, 16 L. R. A. (N. S.) 381. This construction of the statute is not seriously disputed by the appellant. He contends, however, that a contract for the sale of stock to be issued does not fall within the ban of the statute; but he offers no sound reason for the distinction. It is well settled, we think, that a contract for the sale of stocks at a future date is within the statute. *Franklin v. Matoa Gold Min. Co., supra*, and authorities there cited. In *Meehan v. Sharp*, 151 Mass. 564, 24 N. E. 907, cited by appellant, the court suggested that it was "at least doubtful" whether a contract for the sale of corporate stock that had not been regularly issued was within the statute, but the

case was affirmed upon the ground that there had been a delivery of the stock.

The second proposition is, Did the resignation of the appellant constitute giving "something in earnest to bind the bargain or in part payment." The statute obviously contemplates that something of value shall pass to the promisee; that is, that something of value "must be really given and received toward payment." Benjamin, Sales (7th ed.), p. 180. "There must be an actual payment" of money or something of value "in the eye of the law." Clark, Contracts, § 57.

"To constitute a payment as earnest, or a part payment, within the meaning of the statute of frauds, there must be an *actual transfer or delivery* of the thing or the money agreed to be given as earnest or part payment." *Walrath v. Ingles*, 64 Barb. 265.

"Acts merely preliminary or ancillary to the agreement, such as the delivering of an abstract of title, giving directions for a conveyance, the preparation of the agreement, making valuations, and other like acts, are not sufficient." *Reynolds v. Scriber*, 41 Ore. 407, 69 Pac. 48.

The allegation that the appellant's resignation was "known, acquiesced in and accepted by the defendant" as a part performance of the contract, is merely the conclusion of the pleader. There is but one fact pleaded touching part payment, and that is that the appellant resigned an employment which he held with a third party.

In *White v. Drew*, 56 How. Pr. 53, cited by appellant, one of the elements of the consideration agreed upon passed from the vendee to the vendor. In the instant case, the appellant merely resigned after the agreement had been made. Nothing actually passed to the respondent. Although not cited in the briefs, we have not overlooked the case of *Harris v. Johnson*, 75 Wash. 291, 134 Pac. 1048. The question there was, What constitutes a sufficient consideration for a promise to pay money? The question here is the correct interpretation of the words of a particular statute. The rule applicable to the one question is not necessarily controlling in the other.

We conclude that there was nothing given in earnest to bind the bargain or in part payment, within the meaning of the statute. It follows that the contract for the sale of the corporate stock was void under the statute of frauds.

The appellant argues, however, that the contract is not an entirety, and that he is entitled to recover at least nominal damages for a breach of the contract to give him employment. Had he been given employment, he would have occupied a position "of responsibility and trust" and would have been removable at the will of the respondent. *Llewellyn v. Aberdeen Brewing Co.*, 65 Wash. 319, 118 Pac. 30, Ann. Cas. 1913 B. 667. It cannot be doubted that the position of bookkeeper "under the title of secretary and treasurer" would be a position of responsibility and trust. If he had the title of secretary and treasurer, we think the legal presumption would be that he would exercise the functions of secretary and treasurer. This court has held that, where the action is one for damages only, there being involved no property or personal rights having value in themselves, a failure to prove substantial damages is a failure to prove the substance of the issue, and warrants a judgment of dismissal. *Woodhouse v. Powles*, 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783; *Casassa v. Seattle*, 75 Wash. 367, 134 Pac. 1080.

This view is sound for another reason; that is, the law "does not concern itself with trifles." *Matzger v. Page*, 62 Wash. 170, 113 Pac. 254. The case will not be retained for the purpose of determining the question of nominal damages.

The demurrer was properly sustained, and the judgment is affirmed.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.