[No. 15263.   Department Two.   September 24, 1919.]

## W. B. WILLIAMS, *Appellant*, v. GREAT NORTHERN RAILWAY COMPANY, *Respondent*.[1]

CORPORATIONS (115)—OFFICERS AND AGENTS — EMPLOYMENT — REMOVAL.   Under Rem. Code, § 3683, authorizing corporations to appoint "officers, agents and servants," to require security of them, and to "remove them at will," the term "servants" includes one employed by a railroad company as a switchman, and is not restricted to employees in a fiduciary capacity.

EVIDENCE (27)—PRESUMPTIONS—LAWS OF OTHER STATES.   In the absence of pleading or proof, the law of the contract made in a sister state is presumed to be the same as our own.

CONTRACTS (174)—ACTIONS FOR BREACH — PLEADING — ILLEGALITY. In an action upon a contract which is, upon its face, void and unenforcible, as a matter of law, the defendant may invoke its invalidity as a defense without specially pleading it.

HOLCOMB, C. J., dissents.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 6, 1918, dismissing a cause of action on contract, on sustaining a challenge to the sufficiency of the evidence, after a trial on the merits to a jury.   Affirmed.

*Cooley, Horan & Mulvihill,* for appellant.

*F. V. Brown, F. G. Dorety* (*A. J. Laughon,* of counsel), for respondent.

PARKER, J.—The plaintiff, Williams, seeks recovery of damages which he alleges resulted to him from the breach by the defendant railway company of an employment contract entered into by it with him.   He set up in his complaint two causes of action, the first seeking damages for the alleged breach of the contract. We are here concerned only with the first cause of action.   The case proceeded to trial, and at the close

[1]Reported in 184 Pac. 340.

of the evidence introduced in behalf of the plaintiff, the trial court, upon motion made by counsel for the defendant challenging the sufficiency of the evidence to support any recovery upon the first cause of action, rendered its judgment of dismissal as to that cause of action, from which the plaintiff has appealed to this court.

The controlling facts may be summarized as follows: In May, 1904, while employed as a switchman for the company in Minnesota, appellant was seriously injured as the result of a defective appliance upon one of its cars. In August of that year, the company compromised and settled his claim for damages so resulting to him, by paying him $4,000, when he signed a release evidencing full satisfaction therefor. At the time of this settlement and in connection therewith, the claim agent of the company signed and gave to appellant the following writing:

"Mr. W. B. Williams, in addition to the amount paid him this date in settlement of his claims for personal injuries, will receive upon application for the same, re-employment at a salary not less than he received when injured."

In December, 1905, appellant having recovered sufficiently to enable him to go to work, he was again employed by the company, and was so employed until June, 1917, when he was discharged, being then in the company's employ in this state. Thereafter, in May, 1918, he commenced this action in the superior court for Snohomish county.

It does not appear in the record before us upon what ground the superior court rested its order of dismissal as to the first cause of action; but counsel for the company contend that the judgment of dismissal must be affirmed upon the ground, among others, that the contract of employment, if it be a contract for permanent

employment, as appellant contends—and we shall assume that it was for present purposes—is void and unenforceable as a contract for permanent employment. We find it unnecessary to notice other grounds urged in support of the judgment of dismissal. The company by its answer denied that it had made any contract with appellant for permanent employment, but did not specially allege in its answer that the contract for employment, if it should be construed as one for permanent employment, was void and unenforceable as such; nor did appellant allege or attempt to prove that such contract was valid and binding under the laws of Minnesota, the state in which it was made.

Section 3683, Rem. Code, prescribes the powers of corporations organized under the laws of this state, and reads in part as follows:

"To appoint such officers, agents, and servants as the business of the corporation shall require, to define their powers, prescribe their duties, and fix their compensation;

"To require of them such security as may be thought proper for the fulfillment of their duties, and to remove them at will."

These statutory provisions have been given full force and effect by us in the following of our decisions: *Llewellyn v. Aberdeen Brewing Co.*, 65 Wash. 319, 118 Pac. 30, Ann. Cas. 1913B 667; *Hewson v. Peterman Mfg. Co.*, 76 Wash. 600, 136 Pac. 1158, Ann. Cas. 1915D 346, 51 L. R. A. (N. S.) 398; *Murray v. MacDougall & Southwick Co.*, 88 Wash. 358, 153 Pac. 317; *Barager v. Arcadia Orchards Co.*, 91 Wash. 294, 157 Pac. 675. In the last cited case, we held that no contract of employment could be valid and binding upon the corporation in the sense that it would deprive the corporate authorities of the statutory power to "remove," at any time without incurring liability by the corporation,

an employee who goes into the corporation's employ under a contract of employment for a specific time; though, in the case first cited, there was language used in the course of the decision which seemed to intimate that the statute applied only to "employees of a fiduciary character who are to occupy positions of responsibility and trust," such as there might be occasion to require security from for the faithful performance of their duties. We think it follows that this contract, in so far as it was a contract for permanent employment, was wholly void and unenforceable in this action, if the law of this state is controlling.

That the law of this state is controlling in our disposition of this case we think is plain, in view of the fact that the law of Minnesota, where the contract was made, was neither pleaded nor sought to be proven by appellant in this action. We must therefore proceed upon the assumption that the law of Minnesota is the same as our own upon this subject. *Marston v. Rue,* 92 Wash. 129, 159 Pac. 111.

Some contention is made in behalf of appellant that the question of the validity of this contract as a contract for permanent employment, is only a question of *ultra vires,* and that, therefore, the company should have pleaded in its answer that the contract was void because beyond the power of the corporation to make, before it could invoke the defense of the invalidity of the contract. There might be some force in this contention if the question of the power of the company to make such contract and render it binding upon the company in the future were here involved as a question of fact, requiring proof of facts to establish such invalidity, rather than being determinable purely as a question of law. The real question here is something more than a question of *ultra vires* as a question of fact. The company was not required to plead in its

answer that it intended to rely upon this statute rendering the contract void as a contract of permanent employment. The contract being void and unenforceable as a contract of permanent employment, and it being so determinable as a matter of law from the face of the contract without the determination of any issue of fact, the company was privileged to invoke such invalidity as a defense without specifically pleading it. The decision of this court in *Reed v. Johnson,* 27 Wash. 42, 67 Pac. 381, 57 L. R. A. 404, is in harmony with and lends support to this conclusion.

The judgment is affirmed.

FULLERTON, MOUNT, and BRIDGES, JJ., concur.

HOLCOMB, C. J., dissents.