[No. 19026. *En Banc.* June 16, 1926.]

C. A. HANSEN, *Appellant,* v. STIRRAT & GOETZ INVESTMENT COMPANY, *Respondent.*[1]

[1] CORPORATIONS (121) — OFFICERS AND AGENTS — REMOVAL OF EMPLOYEE. Under Rem. Comp. Stat., § 3809, providing that the directors of a corporation shall have power to appoint officers, agents and servants and to "remove them at will," an agreement to re-employ an injured workman in consideration of a settlement of his claim for damages, is void, and no action lies for its breach, upon discharging him without cause (MACKINTOSH, C. J., and TOLMAN, J., dissenting).

[2] CONSTITUTIONAL LAW (87) — OBLIGATION OF CONTRACTS — WITHDRAWAL OF REMEDY. Rem. Comp. Stat., § 3809, providing that the directors of a corporation shall have power to appoint officers, agents, and servants and to "remove them at will" is not unconstitutional in that it restricts the contract of employment; since the statute makes the contract a nullity.

Appeal from a judgment of the superior court for King county, Hall, J., entered June 19, 1924, dismissing an action on contract, on sustaining a motion therefor at the close of the opening statement of counsel for plaintiff. Affirmed.

[1]Reported in 256 Pac. 1033.

*Martin J. Lund,* for appellant.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondent.

FULLERTON, J.—The appellant, Hansen, brought this action against the respondent, Stirrat & Goetz Investment Company, to recover in damages as for a breach of contract of employment. After issue had been joined on the complaint, a trial was entered upon, and a jury empaneled and sworn. The appellant's counsel thereupon made his opening statement to the jury, whereupon the respondent moved to dismiss the action on the ground that the complaint, as amplified by the opening statement, showed that the appellant had no cause of action against it. This motion the trial court granted, entering the judgment of dismissal from which the appeal before us is prosecuted.

The facts which the court was bound to find as established at the time the motion for dismissal was sustained are, in substance, these: The respondent is a corporation organized under the laws of this state, and is engaged in conducting an office building in the city of Seattle. The appellant was employed by the respondent to work in the building as a janitor. While so working, he met with an accident, resulting in breaking the bone of his right leg above the knee-joint. After receiving the injury, the appellant ·was taken to a· hospital for treatment, where he remained for a considerable time, when he was removed to his home. While at his home, a representative of the respondent called upon him, and negotiated a settlement with him, by the terms of which he released the respondent from any liability he might have against the respondent arising out of the accident causing the injury.· The release was in writing and expressed a consideration of four

hundred dollars. As a further consideration for the release, the representative of the respondent agreed orally on behalf of the respondent to reinstate the appellant in the work of janitor at the going wages for such work as soon as he should sufficiently recover to perform the work, and to continue him in such work as long as the respondent controlled the building in which he was employed. The appellant returned to work on December 1, 1920, and continued in such work until May 1, 1921, when he was, without cause, discharged by the respondent. The respondent controlled the building at the time of the discharge and was so controlling it at the time of the trial, which was entered upon on May 17, 1924.

[1] The appellant bases his cause of action upon the oral contract by which the respondent agreed to re-employ him. The trial court held that the contract was not obligatory upon the corporation, and that the corporation did not, in discharging the appellant, subject itself to an action in damages for its breach.

In so holding, the trial court but followed the prior holdings of this court. The statute (Rem. Comp. Stat., § 3809) [P. C. § 4515] provides:

"When the certificate shall have been filed [the certificate of incorporation], the persons who shall have signed and acknowledged the same, and their successors, shall be a body corporate and politic in fact and in name, by the name stated in their certificate, and by their corporate name have succession for the period limited, and shall have power,  . . .

" (4.)   To appoint such officers, agents, and servants as the business of the corporation shall require, to define their powers, prescribe their duties, and fix their compensation;

" (5.)   To require of them such security as may be thought proper for the fulfillment of their duties, and to remove them at will;  . . ."

Construing this statute in the case of *Llewellyn v. Aberdeen Brewing Co.*, 65 Wash. 319, 118 Pac. 30, Ann. Cas. 1913B 667, we used this language:

"Respondent contends that this statute enters into and forms a part of every contract by which a corporation appoints its officers, agents, and servants, and that appellant's contract must be construed as it would be construed had it contained a clause expressly reciting an agreement that respondent's trustees should have authority to remove appellant at will. Trustees of a corporation act in a fiduciary capacity as official representatives of the stockholders. The duty is imposed upon them to exercise their best efforts, judgment, and discretion, on behalf of the stockholders for the advancement of their interests and the protection of their rights. . . . Ordinarily trustees of corporations in this state are elected annually. If they were authorized to appoint officers, agents, and servants to positions of responsibility and trust in the management of corporate affairs, and extend their appointment over a term of years, and thus deprive succeeding trustees of the power of removal, they could by such procedure indefinitely perpetuate any business policy, one even that might be detrimental to the interests of stockholders, who would be unable to obtain relief through the election of different trustees or by other methods. To avoid the possibility of such an arbitrary exercise and abuse of power, the legislature conferred upon the corporation authority to remove its officers, agents, and servants at will. Appellant knew of this statutory authority when he entered into his contract of employment; that it would constitute a part of the contract, and that respondent could remove him at will. The trial judge held he could be so removed, and we fail to see how the statute is susceptible of any other construction. This conclusion is well sustained by authority. 3 Clark and Marshall, Private Corporations, § 666; *Hunter v. Sun Mut. Ins. Co.*, 26 La. Ann. 13; *Darrah v. Wheeling Ice & Storage Co.*, 50 W. Va. 417, 30 S. E. 373; *Carney v. New York Life Ins. Co.*, 162 N. Y. 453, 57 N. E. 78, 76 Am. St. 347, 49 L. R. A. 471;

*Beers v. New York Life Ins. Co.,* 20 N. Y. Supp. 788;
*Fowler v. Great Southern Tel. & Tel. Co.,* 104 La. 751,
29 South. 271; *Douglass v. Merchants' Ins. Co.,* 118
N. Y. 484, 23 N. E. 806, 7 L. R. A. 822; *Brindley v.
Walker,* 221 Penn. 287, 70 Atl. 794, 23 L. R. A. (N. S.)
1293.''

The case has been followed and its doctrine ap-
proved in the following subsequent cases: *Hewson v.
Peterman Mfg. Co.,* 76 Wash. 600, 136 Pac. 1158; Ann.
Cas. 1915D 346, 51 L. R. A. (N. S.) 398; *Murray v.
MacDougall & Southwick Co.,* 88 Wash. 358, 153 Pac.
317; *Barager v. Arcadia Orchards Co.,* 91 Wash. 294,
157 Pac. 675; *Williams v. Great Northern R. Co.,* 108
Wash. 344, 184 Pac. 340.

The last of the cited cases is the counterpart of the
case now before us. It there appears that the plaintiff
in the action was employed as a switchman by the de-
fendant corporation and was injured while engaged in
that employment. The defendant entered into an
agreement of settlement with him, paying him a certain
sum of money, and agreeing in writing to re-employ
him on application at a salary not less than he received
when injured. The plaintiff thereafter recovered suf-
ficiently to return to work, and was again employed by
the defendant. Some seven months thereafter, he was
discharged. He brought an action to recover for a
breach of the contract to re-employ, and it was held
that the action would not lie. In the opinion, we again
called attention to the statute and to our prior de-
cisions, saying that it followed that the contract was
void and unenforceable.

It must be remembered that the present action is not
one upon the original cause of action, that is to say,
an action to recover for the injury suffered. If it were
so, since a part of the consideration failed, it might be
questioned whether the contract of settlement and re-

lease operated as an estoppel. But the action is on the invalid part of the contract, and there can be no recovery, no matter what may have been the consideration which induced the parties to enter into it. In other words, a recovery might be had on the original cause of action because of the failure in part of the consideration for its settlement, but the contract itself cannot be enforced, nor can there be a recovery for its breach.

[2] The appellant suggests a Federal question. He contends that the statute, as we have construed it, violates the obligation of a contract in contravention of the Federal constitution. But we cannot think the contention merits serious consideration. The statute preceded the contract, and instead of violating it, renders the contract a nullity.

The judgment is affirmed.

PARKER, MAIN, MITCHELL, and FRENCH, JJ., concur.

TOLMAN, J. (dissenting)—I cannot yield my assent to the doctrine that a corporation may violate its contract of employment and enjoy special immunity from all damage flowing from its act. In my opinion the legislature never intended such a result, but, if it did, the act would be unconstitutional under the clause forbidding special privileges and immunities.

MACKINTOSH, C. J., concurs with TOLMAN, J.