[No. 28551.   Department Two.   February 26, 1942.]

HAROLD J. HANSEN, *Respondent*, v. COLUMBIA
BREWERIES, INC., *Appellant.*[1]

[1]Reported in 122 P. (2d) 489.

*Bogle, Bogle & Gates* and *Ray Dumett,* for appellant.

*Eisenhower & Hunter* and *C. E. H. Maloy,* for respondent.

SIMPSON, J.—Plaintiff instituted this action to recover damages from defendant because of the breach of an oral contract of employment. Plaintiff alleged that, on or about July 10, 1940, he entered into a contract with the defendant whereby he was employed for the period of one year from July 1, 1940, as sales promotion manager at an agreed salary of four hundred dollars per month; that in pursuance of the contract he worked for defendant until November 18, 1940, at which time he was discharged by the company without cause. In its answer, defendant admitted that it employed plaintiff at a monthly salary of four hundred dollars per month, but that the employment was upon a month to month basis and that plaintiff worked upon that basis from July 1 to October 31, 1940, at which time he was discharged.

Trial was had to a jury, which returned a verdict in favor of plaintiff. Defendant's motions for judgment notwithstanding the verdict or for a new trial

were denied and judgment entered upon the verdict. Defendant appealed.

The assignments of error are in overruling defendant's challenge to the sufficiency of the evidence at the close of plaintiff's case; in denying defendant's motion for a directed verdict; in denying defendant's motion notwithstanding the verdict; in the giving of instruction No. 6½ and in refusing to give each of defendant's requested instructions numbered 1, 12, and 16.

The evidence which the jury were justified in believing may be summarized as follows: Some time prior to 1940, respondent lived in Minneapolis, Minnesota, and was employed as sales promotion manager for the Minneapolis Brewing Company. During the early part of 1940, he visited the city of Seattle, at which place he became acquainted with Daniel Kleinberg, vice-president of appellant brewing company. At that time Kleinberg said that his company could use a man of respondent's ability and asked if he had ever considered moving west. June 13, 1940, respondent and Kleinberg met in the city of Denver and discussed the employment of respondent by appellant. Kleinberg stated to respondent that he was authorized to hire him at a salary of four hundred dollars per month. Respondent said that he wanted a three-year contract and was told by Kleinberg to have a contract drawn and send or bring it with him. At the meeting in Denver, respondent declared that he would accept the position and would have the contract when he arrived in Seattle.

Respondent reached Seattle July 6, 1940, and immediately reported to Kleinberg. Nothing definite, however, was agreed to regarding the employment contract. July 8, 1940, respondent commenced work. Not having received a written contract by July 12, 1940, he requested one from Kleinberg who stated, "we are

not going to sign any contract, that is final," and then said, "I will give you one year's employment starting July first. That is the best I will do." Respondent replied, "I will have to accept it." Respondent continued to work for appellant until November 18, 1940, when he was discharged without any cause being given. Immediately afterward respondent endeavored to obtain employment in many places but was unsuccessful.

Appellant contends first that, since no definite employment period was agreed to, the contractual relations between it and respondent constituted an indefinite general hiring, terminable at the will of either party. Although it is the rule that the employment of a person for an indefinite term may be ended at any time by either of the contractual parties, yet it has no application here. The evidence introduced on the issue of whether the employment contract was for one year or for an indefinite period is conflicting. A reading of the record, however, shows that the jury was justified in resolving the conflict in respondent's favor and in finding that the oral agreement of July 12, 1940, constituted a contract of employment for one year beginning July 1, 1940.

Appellant maintains also that, if it should be held that the contract of employment was for a definite period, it is not binding or enforcible, and thus, respondent could be discharged at appellant's will. This contention, it is asserted, is fortified by subd. 4 of Rem. Rev. Stat. (Sup.), § 3803-32 [P. C. § 4592-62], Laws of 1933, chapter 185, p. 795, § 32, which provides as follows:

"4. Any officer or agent may be removed by the board of directors whenever in their judgment the best interests of the corporation will be served thereby, such removal, however, shall be without prejudice to the contract rights of the person so removed."

This statute repealed Rem. Rev. Stat., § 3809 [P. C. § 4515], which, after prescribing the powers of a corporation, provided in subd. 5:

"5. To require of them [officers, agents, and servants] such security as may be thought proper for the fulfillment of their duties, *and to remove them at will;* . . ." (Italics ours.)

It is argued that the statute became a part of respondent's employment agreement with the same force and effect as though it were expressly incorporated therein and that therefore the employment was terminable at the will of appellant without liability for damages.

Our attention is called to *Llewellyn v. Aberdeen Brewing Co.,* 65 Wash. 319, 118 Pac. 30, Ann. Cas. 1913B, 667, in which this court held that an attorney and manager employed at a fixed salary for a term of years could be removed at any time without rendering the corporation liable to him for compensation for the remainder of the unexpired term. This rule has been followed in *Barager v. Arcadia Orchards Co.,* 91 Wash. 294, 157 Pac. 675; *Williams v. Great Northern R. Co.,* 108 Wash. 344, 184 Pac. 340; and *O'Donnell v. Sipprell, Inc.,* 163 Wash. 369, 1 P. (2d) 322, 76 A. L. R. 1405. In *Heideman v. Tall's Travel Shops, Inc.,* 192 Wash. 513, 73 P. (2d) 1323, we mentioned the new statute but did not base our decision upon its provisions.

Our former decisions interpreting the old statute are not of value in determining the meaning of the present one because of the definite change in the wording. The new act leaves out the provision that the officers, agents, and servants may be removed at will, and places in lieu thereof a provision that the individuals may be removed whenever the board of directors determine that the best interests of the corporation would be

served thereby, and then adds "such removal, however, shall be without prejudice to the contract rights of the person so removed."

The legislature without doubt was dissatisfied with the provisions of the old act as interpreted by this court, and decided to provide a change to lessen the hardship imposed upon an agent or employee who was employed by a corporation for a definite period of time and was discharged without cause before the expiration of the term.

Appellant asserts, however, that this language applies only when an employment contract contains an express provision that the corporation shall not discharge an employee within a given period. To reach such a conclusion is to amend the section. In clear and unambiguous terms the section states "the contract rights." Words to restrict or limit "contract rights" to conform to appellant's view are not present.

We hold, therefore, that the directors of a corporation may remove an officer, agent, or servant whenever in their judgment the best interests of the corporation will be served. Such a removal, however, will not prejudice, disturb, or jeopardize the contractual rights which exist between the discharged officer or employee and the corporation.

Another indication of the change in legislative policy is Rem. Rev. Stat. (Sup.), § 3803-11 (1) [P. C. § 4592-41], Laws of 1933, chapter 185, p. 778, § 11, which reads:

"A corporation which has been formed under this act, or a corporation which existed at the time this act took effect and of a class which might be formed under this act, shall have the capacity to act possessed by natural persons, but such a corporation shall have authority to perform only such acts as are necessary or proper to accomplish its purposes and which are not repugnant to law."

One of the capacities of natural persons is to make enforcible employment contracts for a definite period of time, for the breach of which an action will lie. Similarly, in view of this statute, a corporation can enter into enforcible employment contracts for a definite period of time. And likewise, the breach thereof by either the corporation or the employee will subject the wrongdoer to an action for damages.

The same reasoning must now be applied to subd. 4 which leads us to the opinion that, after entering into contracts of employment for a fixed period of time, corporations must be held liable in damages for the violation of such contract.

The argument that the employment of agents or employees for a term of years deprives succeeding trustees of the power of removal and perpetuates a business policy is not persuasive. We are unable to see that the construction of the statute in a manner that permits the board of trustees to bind a corporation for a fixed term by employing individuals for a definite time handicaps the succeeding board any more than does the admitted power to bind the corporation by long term leases or other kinds of contracts extending over a long period of years.

It is next urged that the contract, not being in writing, violates Rem. Rev. Stat., § 5825 (1) [P. C. § 7745], providing that agreements not to be performed within one year from the making thereof must be in writing, signed by the party to be charged therewith.

We are unable to agree with this contention. Respondent testified that he agreed with Kleinberg to work for the corporation for one year commencing July 1, 1940, and that the agreement was made July 12, 1940. Consequently, it could have been completed within one year and was therefore enforcible. *Dent Lbr. & Shingle Co. v. Cedarhome Lbr. Co.*, 141 Wash.

593, 252 Pac. 141; *Barash v. Robinson,* 142 Wash. 118, 252 Pac. 680; *Peabody v. Pioneer Sand & Gravel Co.,* 164 Wash. 26, 2 P. (2d) 714; *von Herberg v. von Herberg,* 6 Wn. (2d) 100, 106 P. (2d) 737; *Sargent v. Drew-English, Inc., ante* p. 320, 121 P. (2d) 373.

It is next contended that the court erred in giving instruction No. 6½, which informed the jury that the burden was upon appellant to prove disobedience, misconduct, incompetence, or other justification for the dismissal.

There is no legal presumption that a servant has failed to perform his duty in compliance with his contract from the fact that he has been discharged. When the employee sues for damages, as for a wrongful discharge, the burden is upon the employer to prove incompetence, negligence, or misconduct as a justification.

This rule is well stated in *Linton v. Unexcelled Fireworks Co.,* 124 N. Y. 533, 27 N. E. 406:

"Upon the trial of this action the plaintiff read in evidence the contract in question, which provided for his employment by the defendant until December 31, 1889, proved that he was discharged February 6, 1889, while engaged in the performance thereof, showed that after due effort he could not obtain other employment, and rested.

"The law will not assume that a servant has been derelict in duty from the fact that his employer discharged him, but upon proof under proper allegations that he was discharged while engaged in the performance of the contract and before his term of service had expired, the burden is cast upon the employer of proving, and hence of alleging, facts in justification of the dismissal. Such a defense confesses the contract and the discharge, but avoids the cause of action by showing new matter which, by the command of the statute, must be pleaded. That the plaintiff was discharged before the contract had expired was material. That he was discharged without cause was immaterial, so far

as the complaint was concerned, because a recovery could be had without proving it. It was sufficient for the plaintiff to allege a violation of the contract by the defendant. His effort to anticipate and deny any possible defense to his cause of action was surplusage."

Accord, 35 Am. Jur. 492, Master and Servant, § 59; *Roberts v. Brownrigg*, 9 Ala. 106; *School Directors v. Reddick*, 77 Ill. 628; *Brownholtz v. Provider's Life Assurance Co.*, 329 Ill. 42, 160 N. E. 127; *Eubanks v. Alspaugh*, 139 N. C. 520, 52 S. E. 207; *Barney v. Spangler*, 131 Mo. App. 58, 109 S. W. 855; *Haxton v. Gilsonite Const. Co.*, 134 Mo. App. 360, 114 S. W. 577; *Maratta v. Chas. H. Heer Dry Goods Co.*, 190 Mo. App. 420, 177 S. W. 718; *Morris Shoe Co. v. Coleman*, 187 Ky. 837, 221 S. W. 242; and *Vernon v. Rife*, 294 S. W. (Mo. App.) 747.

█ As to the requested instructions, we find that appellant "objected and excepted" to the court's refusal to give each of the requested instructions without stating any reason. It is obvious that the general exception to the refusal of the court to give the requested instructions did not comply with the requirements of Rules of Practice X, 193 Wash. 47-a. *Wallin v. Massachusetts Bonding & Ins. Co.*, 152 Wash. 272, 277 Pac. 999; *Bown v. Tacoma*, 175 Wash. 414, 27 P. (2d) 711.

█ Finally, appellant maintains that in any event respondent cannot recover because he did not attempt to mitigate his damages by securing other employment. On the contrary, respondent testified that he used every effort to obtain employment in the west and at his former home in Minneapolis, that he was unable to procure a position and that it had been impossible for him to earn any money subsequent to his discharge by appellant.

It is true, as shown by the record, that appellant's

agent did secure an offer of a position for respondent with an advertising agency, which was refused by respondent. However, the offer was made previous to the discharge, and there is no evidence that the position was open after appellant had discharged respondent.

At the time the position was offered to respondent, he was working for appellant and had no notice that he was to be discharged. At that time he had suffered no damage because of any action on the part of appellant, hence he was under no duty to accept or attempt to secure other employment.

The judgment is affirmed.

ROBINSON, C. J., MILLARD, BLAKE, and JEFFERS, JJ., concur.

[1]Reported in 122 P. (2d) 467.